## Musgrave's Case.

*Attorneys at law—Admission to the bar—State board of examiners—Rules of court of Allegheny County.*

A certificate from the state board of examiners for admission to the bar, to the effect that the person named in the certificate has furnished satisfactory evidence that he is a member in good standing of the appellate court of another state, that he has practiced in a court of record of that state for at least five years, and that he is of good moral character, without any statement that he had passed an examination before the board. will not entitle such person to admission to the Bar of Allegheny county under Rule 36 of the courts of common pleas of that county.

Argued Oct. 30, 1906. Appeal, No. 128, Oct. T., 1906, by John H. Musgrave, from order of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 305, refusing a rule to show cause in the matter of the Petition of John H. Musgrave for admission to the Bar. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for rule to show cause.

The petition was as follows:

" The petition of John H. Musgrave, of the City of Pittsburg, in said county, respectfully represents :

" That he was born in the City of Pittsburg aforesaid in 1871, and resided in said city until 1894, and after an absence of ten years returned in 1904.

" That he is a freeholder in his own right, and a large holder of real estate in the right of his wife, in said county and State.

" That he attended the common schools of the said City of Pittsburg, the preparatory department of the Western University of Pennsylvania, and studied under a private tutor. After such preparation, he entered the Law Department of Yale University, where he graduated in 1893, after which he returned to Pittsburg, and in 1894, moved to the City of Chicago to reside.

" That he resided in the said City of Chicago, Illinois, from 1894 to 1900, and in the City of Minneapolis from 1900 to 1904; that he was in actual practice of the profession of law in said cities and States for and during the said period of nine years, being admitted to practice law by and in the courts of last resort of said States, and is still in good standing therein.

" That in March, 1904, he returned to the said City of Pittsburg on account of business interests, and was duly admitted to practice law before the Supreme Court of Pennsylvania, the Superior Court of Pennsylvania, and the District and Circuit Courts of the United States for the Western District of Pennsylvania, by reason of a certificate issued by the State Board of Law Examiners, according to Rule Ten of the rules governing admission to practice law in the Supreme Court of Pennsylvania.

" That in December, 1904, he appeared before the Examining Board of Allegheny County for a certificate to practice law in the Courts of Allegheny County, but was denied the right of examination on the ground that your petitioner did not intend to reside permanently in said county, though then a legal resident.

" That on June 3, 1906, he appeared before the Board of Law Examiners of Allegheny County, composed of Messrs. E. C. Chalfant, George P. Herriott, E. L. Mattern, John S. Wendt, Charles P. Orr, John P. Hunter, William M. Hall and R. A. Balph, and presented to said Board a certified copy of the certificate of the State Board of Law Examiners before referred to, and requested that said Board of Law Examiners of Allegheny County grant him a certificate recommending his admission to practice law in the several Courts of Record of Allegheny County, according to Rule 36 hereinbefore referred to; but he was denied said certificate on the ground

that for the last year and one half he was not in the active practice of the law, being a resident of Pennsylvania.

" That said Board of Law Examiners of Allegheny County refused to recognize the certificate issued by the said State Board of Law Examiners in law, claiming that such certificate does not comply with the rules of Court in regard to the admission of attorneys.

" Your petitioner has also attached hereto several letters of residents of Pittsburg and vicinity, showing that he is a person of good moral character, and of good repute in this community.

" Wherefore, by reason of the premises, your petitioner prays that this Honorable Court grant a rule upon the said Board of Law Examiners to show cause why the said Board should not recommend or move the admission of the said John H. Musgrave to practice law in the several Courts of Allegheny County."

The certificate of the state board was as follows :

" The state board of law examiners hereby certifies that John H. Musgrave, Esq., of Allegheny county, has furnished satisfactory evidence that he is a member in good standing of the bar of the appellate court of last resort of the state of Illinois ; that he has practised in a court of record of that state for at least five years, and that he is of good moral character.

" The board, therefore, recommends that he be admitted to the bar of the Supreme Court of Pennsylvania."

The court refused the rule.

*Error assigned* was the order of the court.

Joseph A. Langfitt, with him H. W. McIntosh, for appellant.—It is a familiar principle of modern law that a license to practice law in a higher court includes the right so to do in all inferior courts: Weeks on Attorneys, sec. 23 ; Foster's Federal Practice, sec. 100 ; In re Day, 181 Ill. 73 (54 N. E Repr. 646).

A denial of admission in course, is reviewable on appeal : Com. v. Judges, 1 S. & R. 187 ; Strother v. Missouri, 1 Mo. 605 ; Ex parte Garland, 71 U. S. 333, 378 ; Ex parte Secombe, 60 U. S. 9.

The appellant further contends that the refusal of the board of law examiners of Allegheny county to admit him to examination as aforesaid, was and is in violation of the fourteenth amendment to the constitution of the United States and article IV, sec. 2, which reads: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states:" Corfield v. Coryell, 4 Wash. C. C. 371; Cummings v. State of Missouri, 71 U. S. 277, 321.

*E. C. Chalfant*, with him *Chas. P. Orr*, for appellees.—The certificate of the state board states nothing from which an examination of the petitioner can be inferred. And, further, it does not appear that the petitioner presented any evidence to the state board that he had ever been examined in any of the jurisdictions in which he is alleged to have practiced law.

The petitioner does not come within any of the rules of the court below relating to admission of attorneys to practice.

From the foregoing it would seem that no constitutional question is involved here. All who come within the rules are entitled to admission to the bar. Nonresidents should receive no preferential treatment.

The rules of comity existing between states may have justified the admission of petitioner to this court. That he had no right to such admission seems clear by reason of Rogers' Petition, 194 Pa. 161.

Admission to the Supreme Court may be accepted as a reason for admission to the courts of common pleas. That it is not the basis of a right to admission in the lower court seems clear by reason of Splane's Petition, 123 Pa. 527.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907:

The rules of court for admission to the bar of Allegheny county, in the regular and usual course, require, inter alia (1), registration as a student, after an examination as to proficiency in preliminary studies, or an attendance at some reputable college which will be accepted as an equivalent for such examination (Rule 35); (2) having been so registered the applicant must have served a regular clerkship in the office of an attorney or judge of the county for three years, or its prescribed equivalent; and (3) that he shall have undergone "an examination

in the principles and practice of law and equity, or, in lieu thereof shall present to the board the certificate of the state board of law examiners that he has passed the examination required by the rules of the Supreme Court, relating to admission to the bar of that court, and has been recommended by them for admission to the bar of the Supreme Court, and shall file with the prothonotary . . . . a certificate signed by all the examiners present at his examination or in case of the presentation of a certificate of the state board, by all those present at the meeting of the board which passes thereon, that he is qualified for admission to the bar and that they have received satisfactory evidence of his good moral character. Each examination shall consist partly of written questions to be answered in writing by the student, which questions and answers shall be reported to the court if required. The specific subjects and studies upon which the examination shall be held shall be the same as those designated from time to time by the Supreme Court for the examination of candidates for admission to the bar of that court :" Rule 36.

This is the regular and ordinary course, and admission it will be seen is based on the ultimate requirement of an examination in the principles and practice of law and equity. Until quite recently the courts insisted on such examination by their own board, and the recent amendment of Rule 36 by which the certificate of the state board of examiners is accepted as an equivalent, is a concession in relief of students from the burden of a double examination, by the state and by the local board, on the same subjects and for the same purpose. But from the provision for written questions and answers, and for the specific subjects and studies, as well as from the general intent, it is manifest that the rule both in its original and its amended form requires an examination, in the ordinary meaning of that word, to test proficiency in the principles and practice of law and equity, not a mere inspection by the state or the county board, of certificates from other courts. Such inspection in exceptional cases of practitioners from other courts is provided for in the next rule, 37, as follows : " Any person admitted to practice in other courts of this or other states who shall have been in actual practice for five years within the six years immediately preceding his application, and who shall

have satisfied the board of examiners of this fact and of his good moral character and professional standing, may without previous registration appear for final examination for admission to the bar; provided, however, that when, in the unanimous opinion of the board, the moral character, professional standing and qualifications of the applicant are such as to render an examination unnecessary, he may on filing in the prothonotary's office a certificate to this effect, signed by all the members of the board present himself for admission on motion."

These rules prescribe the conditions and methods by which admission can be had to the bar of Allegheny county. The appellant has not brought himself within any of them. There is no averment in his petition that he has passed an examination by either the state or the county board in the principles of law and equity, nor indeed is there any averment of such an examination by anybody at any time, and the statement of graduation at the Law Department of Yale University is lacking in precision of dates to show how much time he passed there. He has not therefore complied with the requirements of Rule 36 with regard to students applying for admission from the county of Allegheny.

Appellant claims to come under Rule 36 by virtue of his certificate from the state board. Turning to the certificate it appears to be only that he "has furnished satisfactory evidence that he is a member in good standing of the Bar of the Appellate Court of last resort of the state of Illinois ; that he has practised in a court of record of that state for at least five years, and that he is of good moral character." This is not the certificate contemplated by Rule 36, which as already said is intended only to accept the result of an examination to test qualifications as to legal knowledge by the state board as an equivalent for examination for the same purpose by the local board as previously required. The rule and the certificate provided for in it have no reference to the admission of attorneys from other courts of this or other states. That subject is governed by Rule 37 already quoted. Appellant makes no claim that he comes within that rule.

It would have been better practice to grant the rule. Any question of fact possibly arising could then have been reached by depositions and the record would have been put in more

regular shape, though the rule would have had to be discharged. But no error was committed of which appellant has any cause to complain.

Appeal dismissed.