In the Matter of the Application of the New York Law School et al., for the Construction of Rules as to the Admission of Attorneys and Counselors.

1. Admission to the Bar — Rules Construed. The rules for admission to the bar do not require a law school to certify to the state board of law examiners that its students have been " graduated " or have " received a degree " in order that they may be admitted to examination, it being sufficient for the certificate to state that the student has "successfully completed the prescribed course of instruction" during the periods named.

2. Same. It is sufficient for a law student, whose attendance at a law school had already begun when the present rules went into effect, to show full compliance with the rules adopted December 2, 1895, without showing compliance with the rules which went into effect July 1, 1907, but the proofs submitted, as to time of study, etc., must be satisfactory to the state board of law examiners.

3. Same. Under subdivision 1 of rule 5 a law school may properly grant a certificate of " part time " for less than a year, but the applicant should be credited only with the time actually spent in the law school, to

the same extent and no more, as if the time had been spent in a law office, and the proofs must show to the satisfaction of the state board of law examiners that the applicant successfully pursued the prescribed course of instruction during that time.

(Submitted December 12, 1907; decided December 12, 1907.)

*Per Curiam.* The New York Law School and the Brooklyn Law School, in order to prevent a possible misunderstanding, have asked us to construe the rules now in force governing admission to the bar by submitting in substance the following questions:

" 1. Do the rules for admission to the bar require a law school to certify to the State Board of Law Examiners that its students have been ' graduated ' or have ' received a degree ' in order that they may be admitted to examination ? "

It is obvious that this question should be answered in the negative. The rules neither expressly nor by implication state that graduation is necessary and the state board of law examiners, as we are informed, do not require a law school to so certify, although the blank provided permits certification in that form if the fact exists. It is sufficient, however, for the certificate to state that the student has " successfully completed the prescribed course of instruction " during the periods named."

" 2. Is it sufficient for a law student, whose attendance at a law school had already begun when the present rules went into effect, to show full compliance with the rules adopted December 2nd, 1895, without showing compliance with the rules which went into effect July 1st, 1907 ? "

This question is answered in the affirmative. Subdivision 7 of rule 6 makes a clear and express provision upon the subject by providing that a law student whose clerkship, or attendance at a law school, has already begun " may, at his option, file or produce, instead of the proofs required by these rules, those required by the rules of the Court of Appeals, adopted December 2nd, 1895." In other words, such a law student in preparing proofs to entitle him to enter the examination is required to comply with the old rules only. The

theory of the court in preparing its rules is to limit new and more severe requirements to the future and not to make them compulsory upon the students who began their course of study when the requirements were less exacting. It shou.d be borne in mind, however, that the proofs required under the rules of December 2d, 1895, as to time of study, etc., allowed law students "must be satisfactory to the Board of Examiners."

"3. Under subdivision one of rule five may a law school properly grant a certificate of 'part time' for less than a year?"

We answer this question also in the affirmative. While the rule does not state in express terms that such a credit should be made, that result is a reasonable implication from what is stated. It is just that a law student should be permitted to add periods of time together and be allowed therefor, and the rule might well have expressly so provided. In the case presented by the question, the applicant would be credited only with the time actually spent in the law school, to the same extent and no more, as if the time had been spent in a law office, always providing that the proofs show to the satisfaction of the state board of law examiners that the applicant successfully pursued the prescribed course of instruction during tha<sup>+</sup> time.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.