MITCHELL *v.* STATE BOARD OF LAW EXAMINERS.

1. ATTORNEYS—ADMISSION TO PRACTICE—EXAMINATION—STATUTE RULES—CONSTRUCTION.

In the construction of a law, its provisions must be considered as a whole; and under the statute relative to the admission of attorneys to the practice of law (sections 1122–1124, 1 Comp. Laws), a rule of the board of examiners requiring candidates for admission to correctly answer a minimum of 70 per cent. of all questions upon each subject is not in conflict with the provisions of the statute so construed.

2. SAME—BOARD OF LAW EXAMINERS—POWERS—DISCRETION—REVIEW.

The statute (sections 1119–1125, 1 Comp. Laws) relative to the admission of attorneys to the practice of law gives a large discretion to the board of examiners as to the rules and regulations governing the examination of applicants, the exercise of which will not be reviewed unless it clearly appears that there has been an abuse thereof.

Mandamus by Walter B. Mitchell to compel the State board of law examiners to issue a certificate of qualification, and recommend relator's admission to the bar. Submitted January 5, 1909. (Calendar No. 23,232½.) Application denied February 2, 1909

*Walter B. Mitchell*, in pro. per.

McALVAY, J. Application is made by petitioner against the State board of law examiners for an order to show cause why a writ of mandamus should not issue requiring said board to issue to him a certificate of qualification and recommend his admission to the bar as provided by law. Petitioner alleges that he was examined for admission to the bar of the State by said board at its October session, 1908, and by the determination of the board, based upon said examination, it was held that he was not entitled to the certificate of qualification and recommendation.

This action he claims was unauthorized and contrary to his just rights and to the provisions of the statute governing said board, although according to the rules and regulations relative to such examination as have been established by the board.

Petitioner contends that the rules and regulations which require that the answers of an applicant must average 70 per cent. of questions given in each branch of the law upon which an examination is held are contrary to the requirements of section 1123, 1 Comp. Laws, which provides:

> "The applicant shall be required to submit to a written examination, which shall be prepared by such board, also an oral examination by the board, and shall be required to answer a minimum of seventy per cent. of the questions given him to entitle him to the certificate of the board."

The petition has attached to it many exhibits showing his correspondence with the board, copies of the questions and answers as nearly correct as he can give them, together with his judgment upon the correctness of his answers, and the certificate given by the board showing his proficiency. This statute is doubtless familiar to the profession, and it will not be necessary to discuss its general provisions; but we may say in passing that the results of the work of this board under the statute in elevating the standard of proficiency in the knowledge of the law of those who seek to be admitted to practice the profession in this State has been highly beneficial. The board is authorized (section 1122) to "make such rules and regulations relative to such examination as to them may seem proper." One of the rules—the one complained of—is rule 4.

> "Candidates will be required to answer correctly at least seventy per cent. of all questions upon each subject."

The statute also provides (section 1124, 1 Comp. Laws):

> "And the secretary of the board shall furnish each ap-

plicant with a card, showing the proficiency he has attained in each branch or subject upon which he has been examined, whether a certificate is issued or not."

This certificate was duly issued to petitioner strictly complying with the requirements of this statute.

It is claimed by petitioner that rule 4 of the board is in direct conflict with the 70 per cent. clause of section 1123, 1 Comp. Laws, which he construes as entitling an applicant to a certificate of recommendation for admission who answers 70 per cent. of the aggregate number of questions given at his examination, without reference to his percentage in any particular branch or subject upon which he has been examined, or the number of questions given upon each subject. We do not so construe the statute. Its provisions must be considered as a whole. It is apparent that the legislative intent as expressed in sections 1123 and 1124, above quoted, was to require a proficiency of at least 70 per cent. to be attained in each subject upon which an examination was had, and was correctly interpreted by the board in the rule in question. It is apparent that it was not intended that a candidate would be considered entitled to admission who had not a passing standing in one-third of the subjects submitted for examination. In petitioner's case, if his contention is correct, such would be the result. From his certificate, an exhibit to his petition, it appears that he was examined upon 23 different subjects, in 15 of which his percentage of correct answers as marked by the board was from 70 to 85 and in 8 from 20 to 53. He was given an average of 62 per cent.

The foregoing shows an average much below passing standing in one-third of the subjects considered, which included several of the most important branches of the law. He claims that in one of these an error occurred, and he should have been marked 100, instead of 52 per cent. If this claim were considered, no material change in the result would occur. This law has necessarily left a large discretion in this board as to the rules and regulations it

would make to govern it in these examinations and the details pertaining thereto. The exercise of this discretion will in no case be reviewed by this court unless it should clearly appear that an abuse has occurred. A careful examination of this petition and the exhibits attached satisfies us that no question of abuse of discretion is presented.

The order to show cause is denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.