## *In re* ALEXANDER.

1. ATTORNEY AND CLIENT—ADMISSION TO BAR—STATE BOARD OF LAW EXAMINERS—RULES.

 The rule adopted by the State board of law examiners requiring applicants to present a certificate of graduation from a normal or high school, or to take an examination in certain subjects as a preliminary qualification to their admission to the bar, is reasonable and in harmony with 1 Comp. Laws, §§ 1121, 1122.

2. SAME—STRIKING NAME FROM ROLLS.

 Where an applicant for admission to the bar, who had passed the examination, was permitted to sign the roll and take the oath of office upon his assurance that he would thereafter furnish the required evidence of his educational qualifications, his certificate of admission being withheld until he had complied with the requirement of the board of examiners, he did not acquire the status of an admitted practitioner and his name is ordered stricken from the rolls upon the petition of said board showing his failure to comply with the requirements.

Petition by the State board of law examiners to strike from the roll of attorneys the name of Sidney L. Alexander. Submitted June 13, 1911. (Calendar No. 24,652.) Petition granted December 8, 1911.

*Charles W. Nichols*, for the motion.

*May & Dingeman*, contra.

McALVAY, J. The controlling facts involved in this application are not in dispute. It appears that in April, 1907, respondent presented himself for examination before the State board of law examiners for admission to the bar of this State. As a preliminary to the taking of the legal examination, the board requires certain evidences of general education, in default of which the applicant must pass an examination upon certain subjects. It is not disputed

that respondent neither furnished the required evidence
of his general educational qualifications, nor passed an
examination thereon before taking the legal examination.
It appears that he was permitted to take the legal exam-
ination upon the assurance (the exact terms of which are
not of consequence) that such proof would be later fur-
nished to the board. Having successfully passed the
legal examination, upon the request of respondent, he was
permitted, by the authority of one of the justices of this
court, to take the oath and sign the roll of attorneys in the
clerk's office; his certificate of admission to be withheld
until he had complied with the lawful requirements of
the board. Respondent did furnish to the board a certifi-
cate from the Central high school of Detroit, showing
that he had attended that institution between September,
1899, and November, 1903, and that through such attend-
ance he had secured a total credit of 63 full hours. This
credit we understand to be less than half that required for
graduation. The board declined to accept this certificate
as sufficient evidence of respondent's scholarship. In the
meantime, rspondent had entered upon the practice of the
law, and had assumed and is now exercising the rights
and franchises pertaining to the office of an attorney at
law. The board, though somewhat tardily, has filed this
application. The law governing the question will be
found in 1 Comp. Laws, §§ 1119–1125.

We find (section 1121) that applicants for admission to
the bar, of the class to which respondent belongs, may be
admitted to practice upon motion.

"But the applicant shall first produce the certificate
hereinafter provided for from the board of examiners, to
be appointed by the governor upon the recommendation
of the Supreme Court of Michigan, that he possesses suffi-
cient learning in the law, and moral character *and
ability* to enable him to properly practice as an attorney
and counsellor at law and solicitor and counsellor in chan-
cery in the courts of this State."

Further (section 1122):

"Such board shall meet * * * for the purpose of examining all applicants for admission to the bar as to their legal learning *and general qualifications* to practice in the several courts of this State as attorneys and counsellors at law and solicitors and counsellors in chancery, and upon such examination being had, the board shall issue to such applicants as shall pass *the required examination* the certificate of qualification stating the standing of the applicants and recommending their admission to the bar. Such board shall * * * make such rules and regulations, relative to said examination, as to them may seem proper."

The answer of respondent admits that he has never received from the board the certificate of qualification, recommending his admission, the production of which the statute makes a prerequisite to his admission. He avers that the board illegally withholds said certificate. He further alleges that the board has no authority in law, either by rule or otherwise, to require applicants for admission to the bar to furnish high school diplomas or certificates, and that such rule is unreasonable. The rule adopted by the board is as follows:

"The board of examiners will regard applicants who have received bachelors' degrees from any reputable college or university, as having *prima facie* the requisite general educational qualifications for admission to the bar. A similar presumption will be made in favor of all graduates of normal or high schools of the State of Michigan, or other reputable institutions of a similar character. A recent teacher's certificate, issued by any board of school examiners in the State of Michigan for the first grade, or higher, will also be accepted as *prima facie* evidence of general educational requirements. In the absence of such evidence, to be sent to the secretary with application, candidates for admission to the bar will be examined, before taking the legal examination, in the ordinary studies required for graduation from the high schools of Michigan, and particularly upon the subjects of arithmetic, grammar, elementary algebra, general, American and English history, civil government, composition and rhetoric, and English literature."

It is quite evident that the legislature intended to and did clothe the board with power to inquire into and pass upon, not only the legal qualifications of the applicant, but those of a moral and general educational character as well. In adopting the foregoing rule, it will be noted that the board does not *require* a certificate of any kind. It merely recites a series of qualifications, due proof of any one of which will relieve the applicant from the necessity of taking the preliminary examination as to his general educational qualifications. This rule is a reasonable and a wholesome one, and one, too, which was intended for the relief of the applicant.

We have examined the authorities cited in the brief filed on behalf of respondent with care. They are: *In re Holland*, 6 U. C. Q. B. Rep. (O. S.) 441; *In re Page*, 1 Bing. 160; *In re* ———, *Gent*, 2 B. & Ad. 766. We find they are not applicable to the case here under consideration, for the reason that in each case the court was asked to pass upon an application to strike an attorney's name from the roll *after admission*. We must hold in the case at bar that respondent never was admitted; that his taking the oath of office and signing the roll in the clerk's office, under the circumstances disclosed, did not constitute "admission to the bar," within the legal definition of that term. It follows that in assuming to enter upon the practice of the law respondent has usurped the rights and franchises of an office to which he can lay no legal claim. Respondent's name will be stricken from the rolls in accordance with the prayer of the petition.

OSTRANDER, C. J., and BROOKE, BLAIR and STONE, JJ., concurred.