## IN RE BOWERS.

### (*Nashville.* December Term, 1916.)

1. **COURTS. Jurisdiction. Supreme Court. Original jurisdiction.**

Under Const. art. 6, section 2, providing that the jurisdiction of the supreme court shall be appellate only under such restrictions and regulations as may be from time to time prescribed by law, but it may possess such other jurisdiction as then conferred on the supreme court, the supreme court is without original jurisdiction in any matter, and the legislature cannot confer original jurisdiction on it. (*Post, pp.* 190-192.)

Cases cited and approved: King v. Hampton, 4 Tenn., 59; Miller v. Conlee, 37 Tenn., 432; State v. Bank, 37 Tenn., 577; State v. Sneed, 105 Tenn., 711; Railroad v. Byrne, 119 Tenn., 278; State, ex rel. v. Hebert, 127 Tenn., 240.

Case cited and distinguished: State v. Gannanay, 84 Tenn., 130.

Code cited and construed: Sec. 2, art. 6.

2. **ATTORNEY AND CLIENT. License to practice. Statute. Determination by Supreme court.**

A statute conferring on the supreme court power to determine the right of an applicant to be admitted to the practice of law will be construed to require the court to act only on the certificate of the State board of law examiners, since to give it jurisdiction to act independently would be to confer original jurisdiction on the court, contrary to the Constitution. (*Post, pp.* 192, 193.)

3. **ATTORNEY AND CLIENT. License to practice. Signature by court. Certificate of examiners.**

Where the supreme court had assumed to take jurisdiction of a petition resisting the admission of an applicant to practice law, and thereby misled the petitioners, the court will not sign a license, though the certificate of the examiners was regular, until the questions raised by the petition can be investigatd by the examiners. (*Post, p.* 193.)

PETITION DIRECT TO THE SUPREME COURT.

[See original opinion at page 189.]

137. Tenn.—13

CASE ORIGINATED IN SUPREME COURT

Petition by the Nashville Bar & Library Association in the matter of the license of F. E. Bowers.

B. A. BUTLER and THOS. M. ANDREWS, for Bowers.

THOS. H. MALONE, for the Bar Association.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

We are presented with an earnest petition to rehear our former determination of this matter by the petitioner, Nashville Bar & Library Association. It is said in the petition that the court has given to the Acts of 1903 a misconstruction, in that it was held that the act meant that the supreme court must determine the qualifications of an applicant for license to practice law from the certificate of the State board of law examiners. It was not meant in the original opinion to hold that the certificate of the State board of law examiners could not be contested in any way, but the holding was, and is, that the certificate is the thing upon which the court must determine the right of the applicant to be admitted to the practice of law.

Section 2 of article 6 of the State Constitution provides that the jurisdiction of the supreme court

"shall be appellate only, under such restrictions and regulations as may from time to time be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on the present supreme court."

This section of the Constitution has been construed in many cases, and the holdings of this court have been uniform to the effect that it is without original jurisdiction in any matter, and that it is beyond the power of the legislature to confer original jurisdiction upon it. *King* v. *Hampton,* 3 Hayw., 59; *Miller* v. *Conlee,* 5 Sneed, 432;. *State* v. *Bank,* 5 Sneed, 577; *State* v. *Sneed,* 105 Tenn., 711, 58 S. W., 1070; *Railroad* v. *Byrne,* 119 Tenn., 278, 104 S. W., 460; *State ex rel.* v. *Hebert,* 127 Tenn., 240, 154 S. W., 957; *State* v. *Gannaway,* 16 Lea, 130.

In the case last cited the court had under review the validity of an act of the legislature which directed this court to dispauper an appellant who had appealed upon the pauper's oath upon an original investigation to be made by it. In construing this section of the Constitution the court said:

"The section of the act in question which requires this court to try an issue *in pais,* made for the first time in this court, upon original depositions taken at will by the parties, and filed as evidence in this court, and which proceedings constitute no part of the record of the court below is, as we think, under the authority of the above-cited cases, too clearly a requirement of the exercise of original jurisdiction to admit of further discussion."

Sufficient cases have been referred to in the foregoing to demonstrate that this court cannot exercise original jurisdiction. *State* v. *Bank,* supra.

We think that there can be no question but what the petition filed by the Nashville Bar & Library Association presents a question of original jurisdiction, to be determined by the court upon original depositions to be taken and filed for the first time in this court, and that the matters presented affect a substantial right of the respondent. Hence, if this court should proceed to examine the record made and determine the questions presented, it would clearly be exercising original jurisdiction.

The construction given the statute involved in the original opinion is the only one that can 'save its constitutionality. If the court should hold that the legislature meant for it to do the thing which is sought in the petition herein it would be compelled to hold that the legislative enactment is void; but we think that the court can act upon the unquestioned certificate of the State board of law examiners, where no original investigation is required of it, within its constitutional restrictions. Hence we held that the legislature meant that this court should grant license to the applicant upon the certificate of the State board, and this holding is based upon well-recognized principles of construction to the effect that, where a statute is susceptible of more than one construction, that one will be given it which will make it valid. The apprehensions expressed in

the petition to rehear now under consideration are doubtless unwarranted, for the reason that if the applicant should procure license by fraud, they may be revoked, and for the further reason that original jurisdiction exists in the *nisi prius* courts of this State to hear and determine the matters presented to us.

The respondent files a petition to rehear in which he accepts the construction of the statute regulating such matters given in the original opinion, and says that as a natural consequence of such construction the court should sign his license and admit him to the practice of his profession. We held before that ordinarily the conclusion announced would terminate the matter and the certificate would be indisputable, meaning thereby that it would be indisputable in this court; but we also held that, because the court had assumed to take jurisdiction of the matter and had thereby probably misled the petitioners, the questions made would be referred to the State board of law examiners. We think it but just to withhold our signatures from the license of the respondent until the questions made can be investigated. Both petitions to rehear are denied.