(Advisement Docket No. 111.—Motion denied.)

*In re* motion of Herman Frank for leave to file application for a license to practice law.

*Announced orally June 3, 1920.*

ADMISSION TO THE BAR—*discretion of committee on character and fitness will not ordinarily be reviewed.* The granting by the committee on character and fitness of the certificate required by rule 39 of the Supreme Court to be obtained by an applicant for admission to the bar is committed to the discretion of the committee after an examination of the applicant and an investigation of his previous history, and unless a manifest abuse of such discretion is shown the Supreme Court will accept the decision of the committee as final.

MOTION for leave to file application for license to practice law.

Mr. CHIEF JUSTICE DUNN announced the decision of the court:

Herman Frank has made a motion for leave to file an application for a license to practice law. Rule 39 governs admissions to the bar, and among other things, besides an examination by the Board of Law Examiners, provides that no person shall be admitted to practice except upon the production of a certificate from the committee on character and fitness that the applicant has such qualifications as to character and general fitness as in the opinion of the committee justify his admission to practice, unless the court orders otherwise. The petition presented with the motion shows that the petitioner has complied with all the requirements of the rule except as to the production of this certificate, which the committee on character and fitness has refused to issue. The petition avers that the petitioner is a man of good moral character and reputation, and shows that in compliance with a notice from the committee on character and fitness he appeared before that committee and also presented affidavits and letters pertaining to his character and

fitness, but that the committee had refused to grant him the certificate required by the rule for the reason that the evidence submitted fails to establish affirmatively to the satisfaction of the committee that the petitioner possesses such character and general fitness as would qualify him for admission to the bar and the performance of the duties of an attorney and counselor at law. The petitioner offers to submit to any examination the court may direct and prays that he may be granted a license, or that a rule be entered on the committee on character and fitness to answer the petition.

The court will not ordinarily review the decision of the committee on character and fitness against granting a certificate. If such review may be had in any case it will be only where there has been an arbitrary refusal to hear and consider evidence which may be presented, or a willful refusal of a certificate manifestly not based upon an investigation and consideration of the applicant's qualifications. No such showing is made by this petition. It appears only that the committee, after an examination of the petitioner and of such evidence as was produced, was not satisfied that he possessed such character and general fitness as in the opinion of the committee justified his admission to practice. The granting of the certificate is committed to the judgment and discretion of the committee after a personal examination of each applicant and an investigation of his previous history and such evidence as may be produced. Unless a manifest abuse of this discretion is clearly shown its judgment will be accepted as final and no re-examination of its decision will be undertaken. The judgment of the committee will not be overruled for a mere difference of opinion as to the qualifications and general fitness of the applicant.

The motion will be denied.                    *Motion denied.*