[No. C. D. 442. *En Banc.* January 25, 1922.]

*In re Application of* LEON HUBBARD ELLIS *for Admission to the Bar.*[1]

ATTORNEY AND CLIENT (1)—QUALIFICATIONS FOR ADMISSION—EXAMINATION—DISCRETION OF BOARD—STATUTES—CONSTRUCTION. The state board of law examiners, under Laws 1921, ch. 126, p. 407, is an arm of the supreme court created to aid the court in determining questions incident to the admission and disciplining of attorneys, and its rules in that respect are rules of the court.

SAME (1)—"MAY" AND "SHALL." Laws 1921, p. 411, § 9, providing that applicants to practice law "may be admitted on accredited certificates" or upon examination, and that a diploma from the law school of the University of Washington is an accredited certificate, does not entitle the holder of such a diploma to admission, unless he also passes the bar examination under authority of Laws 1921, p. 417, § 19.

SAME (1). The right to practice law not being a right *de jure* given by statute, Laws 1921, p. 411, § 9, providing that applicants

[1]Reported in 203 Pac. 957.

"may" be admitted on diplomas of graduation from the law school of the University of Washington cannot be construed as mandatory.

BRIDGES and TOLMAN, JJ., dissent.

Application filed in the supreme court September 30, 1921, for admission to practice law without preliminary examination by the board of law examiners. Denied.

*Preston, Thorgrimson & Turner,* for applicant.

*The Attorney General* and *Nat U. Brown,* for respondent.

PARKER, C. J.—The applicant, Ellis, seeks admission to practice law in this state, claiming that he is entitled to admission, as a matter of right, without examination as to his learning in the law, because he is a graduate of the law school of our state university and has been granted a diploma evidencing that fact. His application having been in due course considered by the state board of law examiners, that board communicated its recommendation thereon to the court, as follows:

" . . . that the application be denied for the reason that it does not appear that the applicant has taken and passed the law examination. The board, having in its discretion, adopted the rule that all graduates of the University of Washington Law School must take and pass the law examination before they will be recommended for admission."

Thereupon the matter came on for hearing before the court *En Banc,* the applicant and the board having filed briefs and being heard in argument by their respective counsel.

While the question of the admission of an attorney to practice law in this state is one to be determined ultimately by this court, the proceedings looking to the

determination of an applicant's qualifications for admission are, in the first instance, had before the state board of law examiners, which board, under our statutes, is an arm of the court created to aid the court in determining questions incident to the admission and disciplining of attorneys. It is upon the record of proceedings had before, and the recommendation of, that board, and any challenge that may be made to such recommendation, that the question of whether or not the applicant shall be admitted is determined by the court. In ch. 126, Laws of 1921, p. 407, relating to the practice of law, we find all of our statutory law which we deem necessary to here notice, as follows:

"Sec. 3. The board shall pass upon all applications for permission to practice law before the courts of this state, and when satisfied that an applicant has the requisite qualification to practice as an attorney and counselor, it shall so certify to the supreme court; and upon such certification, unless objection be raised thereto and found sufficient, the court may make an order admitting the applicant, . . . (Laws of 1921, p. 409.)

"Sec. 9. Applicants may be admitted on accredited certificates or upon examination. An accredited certificate shall be:

"(1) A certificate from the clerk or other officer of the highest court of record of another state, or from the clerk of the court by which attorneys are admitted, under the seal of the court, showing that the applicant was entitled to practice and was actively engaged in practice in such state for five years or more next preceding the date of the certificate, together with a certificate from the chief justice or other member of such court, under the seal of the court, certifying that the applicant is in good standing at the bar of the court and is an honorable and worthy member of the profession. If the certificate last mentioned cannot be procured on account of lack of acquaintance, the board may accept in lieu thereof a certificate from the judge

of the highest court of record in the county wherein the applicant last resided: *Provided, however,* That the certificate was issued within one year prior to his application for admission in this state.

"(2)  A diploma of graduation from the law school of the University of Washington.

"(3)  A diploma of graduation from an approved law school within the state of equal standing as to entrance requirements and hours of study to that of the law school of the University of Washington. (Laws of 1921, p. 411.)

"Sec. 10.  The board shall examine the curricula of law schools and determine which ones shall be approved. No law schools shall be approved unless the board finds that its entrance requirements and hours of study are at least equal to those of the University of Washington school of law, or of the American Association of Law Schools. All applicants who have satisfactorily completed the course in an approved law school within this state, may, in the discretion of the board, be recommended for admission without further examination. . . (Laws of 1921, p. 412.)

"Sec. 19.  The board shall prescribe forms, rules and regulations to carry out the provisions of this act. Such forms, rules and regulations shall have the same force and effect as if made a part of this act.'' (Laws of 1921, p. 417.)

There are other provisions of the statute relating to the qualifications of an applicant as to citizenship, residence, morals, etc., with which we are not here concerned; since it is sufficiently shown that this applicant is duly qualified for admission to practice law in all other respects than as to his learning in the law. Among other rules adopted by the board in pursuance of what it considers to be its power under the provisions of § 19, above quoted, is one in substance that all applicants for admission who are graduates of our law school, as well as other applicants, must take and pass a law examination before they will be recommended

for admission. This rule, for present purposes, may be regarded as a rule of the court, and the real question is whether or not it is in violation of the provisions of § 9 of the law above quoted.

It is contended in behalf of the applicant that the word "may," found in the introductory paragraph of § 9, means "must" or "shall," in so far as it relates to subd. 2 of that section; that is, that the statute is in effect mandatory upon the board and the court, requiring the admission of one who holds an accredited certificate in the form of "A diploma of graduation from the law school of the University of Washington." It is argued that subds. 1 and 3, of § 9, read in connection with § 10, evidence such an express legislative intent to confer upon the board and the court discretionary powers as to the admission or rejection of applicants, other than those who are graduates of our university law school, as to negative the idea that there is any such discretionary power reserved to the board or the court touching the rejection of an application for admission rested upon an accredited certificate in the form of a diploma of graduation from our university law school. Having in mind the rule applicable to the conditions under which the word "may" is sometimes construed to mean "must" or "shall," there does seem to be some ground for arguing, in the light of all the provisions of this statute, that the word "may" has a mandatory meaning with reference to the admission of those who hold a diploma of graduation from our own university law school. But we think that, when the nature of the right to practice law is considered, such argument is not sufficiently persuasive to induce the holding that the word "may," as used in this statute, has other than its ordinary popular meaning. It is elementary law that:

"As a general rule the words of a statute will be construed in their ordinary sense and with the meaning commonly attributed to them, unless such construction will defeat the manifest intent of the legislature, . . ." 25 R. C. L. 988.

And this is applicable to the word "may" unless there are very persuasive, or, we might better say, compelling reasons for holding "may" to mean "must" or "shall." 26 Cyc. 1590. In *In re Application for License to Practice Law*, 67 W. Va. 213, 67 S. E. 597, the court considered an application for admission under a statute similar to ours, and in holding that the word "may," touching the court's powers, did not mean "shall," quoted with approval and rested its conclusion largely upon the general rule announced by Chancellor Kent in *Newburgh Turnpike Co. v. Miller*, 5 Johns. Ch. (N. Y.) 101, 9 Am. Dec. 274, as follows:

" ' . . . the word *may* means *must* or *shall* only in cases where the public interest and rights are concerned, and where the public or third persons have a claim, de jure, that the power should be exercised.' "

Now, we think the law is well settled—indeed, we know of no holding to the contrary—that the right to practice law is not a right *de jure*. The nature of the right is well stated in the text of 2 R. C. L. 940 as follows:

"The practice of law is not a business open to all who wish to engage in it, nor is it a natural right, or one guaranteed by the Constitution, but a personal right or privilege limited to a few persons of good moral character, with special qualifications duly ascertained and certified. It is in the nature of a franchise from the state conferred only for merit, and is not a lawful business except for members of the bar who have complied with all the conditions required by stat-

ute and the rules of the court. Without any statutes on the subject of admission to practice, a person cannot practice as an attorney without a license from the court, . . ."

This, it seems to us, is not only the nature of the right or franchise to practice law, which may be acquired by an individual, but is also the nature of the affirmative right which the public has, if any, in the admission of a person, of any particular qualifications, to practice law. In other words, we think that neither the individual nor the public has any right *de jure* to have a person of any particular qualifications admitted to practice law. Counsel for the applicant cite and place some reliance upon our decisions in *Vermont Loan & Trust Co. v. Greer,* 19 Wash. 611, 57 Pac. 1103, and *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 55 Wash. 1, 103 Pac. 426. Those cases, however, both involve the enforcement of purely private rights; the jurisdiction of a court being invoked in that behalf; which jurisdiction was conferred by statute by the use of the word "may," having reference to the power of the court sought to be invoked; this court holding that the plaintiffs having shown themselves entitled to the enforcement of such rights, the court was bound to adjudge the relief sought; though its power and jurisdiction invoked was conferred by the word "may." It seems to us, in view of the nature of the rights here involved and the reading of all the provisions of this statute, there is no compelling reason for holding "may" to mean "must" or "shall," as contended for by counsel for the applicant; and that therefore the rule, that graduates of our university law school, as well as others, must pass a law examination before their admission to practice law, is not in violation of any rights given by § 9, above quoted.

The recommendation of the state board of law examiners is approved and the application denied.

FULLERTON, MAIN, MITCHELL, and MACKINTOSH, JJ., concur.

HOVEY, J., concurs in the result.

HOLCOMB, J. (concurring)—I concur in the result reached in the opinion of the majority.

Section 9 of ch. 126, Laws of 1921, p. 411, provides:

"Applicants may be admitted on accredited certificates or upon examination. An accredited certificate shall be:

"(2)    A diploma of graduation from the law school of the University of Washington.

"(3)    A diploma of graduation from an approved law school within the state of equal standing as to entrance requirements and hours of study to that of the law school of the University of Washington."

Section 10 provides that the board shall examine the curricula of law schools and determine which ones shall be approved, and that all applicants who have satisfactorily completed the course in an approved law school within this state may, in the discretion of the board, be recommended for admission without further examination.

The very able and eminent senior counsel for the applicant, whose great energy, zeal and generosity are sincerely appreciated, both by printed brief and oral argument, engagingly argues that the approved schools above mentioned in § 10 are law schools other than the University of Washington; that the University of Washington law school is a preferred law school by which standards of others are fixed; that the legislature has an absolute right to prescribe the legal qualifications for admission to the bar; to prefer the state's institution of learning above all others; and to mandatorily direct that one holding its diploma of graduation

*shall* be admitted, and that the word "may" in § 9 means "shall."

The board of examiners make no distinction between the three classes of accredited certificates designated in § 9, and by rule require all holders of diplomas of graduation from the law school of the University of Washington and other approved law schools to satisfactorily pass an examination before the board.

Assuming, for argument, that the legislature may, as a matter of public policy, prescribe qualifications for admission to practice law, at least in coordination with the judicial department, I am not willing to so far surrender the judicial prerogative as to construe the word "may" in § 9 to mean "shall."

"The right to a license or to admission to practice law is not a right *de jure* given by statute, and we do not think the rule of construction invoked has any application to the case in hand." *In re Application for License to Practice Law,* 67 W. Va. 213, 67 S. E. 597.

The rule complained of is a rule of court, being prescribed by an administrative arm of the court. It seems to meet the approval of the faculty of the law school of the State University, and for just reasons.

The learning required in the practice of law is continually becoming more complex, and vastly more comprehensive. The standards required for admission are therefore constantly made more rigorous.

After careful deliberation upon the matter, I conclude that the rule complained of is one within the discretion of the board, and of the court, and that we should not, for the time at least, change it, but should approve it.

The application should, therefore, be denied.

BRIDGES and TOLMAN, JJ., dissent.