[Exam. Application No. 1230. Second Appellate District, Division Two.—February 2, 1925.]

## In the Matter of the Application of ALBERT CHAPELLE for Admission to the Bar.

[1] ATTORNEY AT LAW—ADMISSION TO BAR—POWER OF COURTS—REGULATIONS BY LEGISLATURE. — Notwithstanding the inherent power of the courts to admit applicants for licenses to practice law, the legislature may, in the exercise of the police power, prescribe reasonable rules and regulations for admissions to the bar which will be followed by the courts.

[2] ID.—RESTRAINTS UPON LEGISLATIVE POWER.—The only restraints upon the exercise of the legislative power are that the regulations prescribed by the legislature shall be reasonable and shall not deprive the judicial branch of its power to prescribe additional conditions under which applicants shall be admitted, nor take from the courts the right and duty of actually making orders admitting them.

[3] ID.—BOARD OF BAR EXAMINERS—LEGISLATURE—CONSTITUTIONAL LAW.—Sections 276, 276a, and 277 of the Code of Civil Procedure, relating to the board of bar examiners, exhibit a proper exercise of the control which the legislature may justly impose upon the matter of admissions to the bar.

[4] ID.—EXAMINATION BY BOARD OF BAR EXAMINERS—PREREQUISITE TO ADMISSION.—An applicant who has never been admitted to the bar in any jurisdiction cannot be admitted to the bar of this state without first submitting himself to the board of bar examiners for examination.

(1) 6 C. J., p. 571, n. 61. (2) 6 C. J., p. 572, n. 63, 64. (3) 6 C. J., p. 572, n. 64. (4) 6 C. J., p. 576, n. 4.

APPLICATION made to the District Court of Appeal for admission to the bar. Application denied.

The facts are stated in the opinion of the court.

1. Legislative or judicial power to determine qualifications for admission to bar, note, 10 Ann. Cas. 198. See, also, 2 R. C. L. 942; 3 Cal. Jur. 589.

4. See 3 Cal. Jur. 59.

71 Cal. App.—9

Albert Chapelle, *in pro. per.*, Milton M. Cohen, W. H. Dehm and Paul Schenck for Applicant.

Lawrence L. Larrabee and G. R. Crump for Respondent Los Angeles County Bar Association.

John E. Biby for Respondent State Board of Bar Examiners.

WORKS, J.—Applicant petitions for admission to the bar. He has never been admitted to the bar in any jurisdiction. His application shows that he has engaged in the study of the law for fifteen years in Michigan, in Illinois, and in this state, and that he has read certain specified text-books upon various branches of the law. He applies for an admission without examination as to his qualifications and presents certificates from trial judges and lawyers of this state to the effect that he is possessed of the learning in the law necessary to qualify him for admission. The certificates presented by the lawyers further show that they find him qualified after having carefully and diligently examined him as to his attainments.

Petitioner contends that this court enjoys the inherent power to admit him without examination. He also asserts that this inherent power is so firmly, completely, and irrevocably fixed that it is not subject to regulation by the legislature. He says that the matter of the admission of persons to the bar is so much a matter of judicial cognizance and is so far a matter for judicial determination that for the legislature to attempt to regulate it would be for the legislative branch of government to throw down that barrier which the constitutions of this country, including our own state constitution, have erected between that branch and the judicial branch. As a corollary to this assertion he makes the specific contention that the enactment of the legislature providing for a State Board of Bar Examiners and prescribing its functions is unconstitutional and void. This enactment is incorporated in various sections of the Code of Civil Procedure, which, so far as they are pertinent to the inquiry made necessary by petitioner's position, read as follows:

"Sec. 276. Every applicant for admission . . . must present to the district court of appeal . . . satisfactory proof that for at least three years he has diligently and in good faith studied law in such manner, upon such subjects and under such conditions as the supreme court or the board of bar examiners shall have prescribed. Before being admitted he must produce a certificate showing that he has satisfactorily passed an examination conducted by the board of bar examiners. . . .

"Sec. 276a. The supreme court is empowered to appoint three competent attorneys to examine applicants for admission as attorneys and counselors at law. Such persons shall constitute the board of bar examiners. The said board shall hold examinations for admission to the bar of applicants who have regularly filed their applications. . . . Said board shall issue a certificate to each of said applicants who shall satisfactorily pass such examination. . . . Nothing herein shall be construed as preventing the district courts of appeal from further examining any applicant where deemed proper.

"Sec. 277. Upon presentation to it of the evidence required by section two hundred seventy-six, any district court of appeal shall admit the applicant as an attorney and counselor at law in all the courts of this state, and shall direct an order to be entered to that effect upon its records, and that a certificate of such admission be given to him by the clerk of the court, which certificate shall be his license. . . . "

The courts undoubtedly enjoy the inherent power to determine what persons shall be admitted to the bar (6 C. J. 571), but if we concede that such questions may be determined without the taking of evidence by the courts upon which to base conclusions reached, a point which we do not decide, we are yet left with the query whether the statute concerning the board of bar examiners is constitutional. [1] Notwithstanding the inherent power of the courts to admit applicants for licenses to practice law "it has been generally conceded that the legislature may, in the exercise of the police power, prescribe reasonable rules and regulations for admissions to the bar which will be followed by the courts" (6 C. J. 572). See, also, *Vernon County Bar Assn.* v. *McKibbin,* 153 Wis. 350 [141 N. W. 283]; *In re Bruen,* 102 Wash. 472 [172 Pac. 1152]; *Keely* v. *Evans,* 271

Fed. 520; *In re Ellis,* 118 Wash. 484 [203 Pac. 957]; *In re Crum,* 103 Or. 296 [204 Pac. 948]). "The manner, terms, and conditions of their [attorneys'] admission to practice, as well as their powers, duties and privileges, are proper subjects of legislative control to the same extent and subject to the same limitations as in the case of ·any other profession or business that is created or regulated by statute" (*Ex parte Yale,* 24 Cal. 241 [85 Am. Dec. 62]). [2] The only restraints upon the exercise of this power by the legislature are that the regulations prescribed by that branch of the government shall be reasonable and shall not deprive the judicial branch of its power to prescribe additional conditions under which applicants shall be admitted, nor take from the courts the right and duty of actually making orders admitting them (6 C. J. 572; *In re Platz,* 42 Utah, 439 [132 Pac. 390]; *In re Bruen, supra*). In some jurisdictions it has been determined, it is true, that the power to regulate the machinery governing admissions to the bar is strictly judicial and that the legislative branch cannot be concerned with it (see 6 C. J. 572), but in our opinion such a view is consonant neither with reason nor with the weight of authority.

[3] Do the sections of the Code of Civil Procedure relating to the board of bar examiners exhibit a proper exercise of the control which the legislature may justly impose upon the matter of admissions to the bar? We think they do. Bar examiners, or law examiners, as they are termed in some states, have been provided for in many jurisdictions as aids to the courts in the discharge of the duty of ordering admissions to the bar. These bodies are so helpful to the courts, and the laws concerning them trench so little upon the rightful exercise of the judicial power to admit, that the new instrumentality practically everywhere has been put into operation without apparent thought as to an unconstitutionality upon the grounds suggested by the present applicant. The examining bodies have found recognition as effective aids in the better discharge of an onerous duty in *Musgrove's Case,* 216 Pa. 598 [66 Atl. 84]; *In re New York Law School,* 190 N. Y. 215 [83 N. E. 17]; *Mitchell* v. *State Board of Law Examiners,* 155 Mich. 452 [119 N. W. 587]; *In re Alexander,* 167 Mich. 495 [133 N. W. 491]; *Ex parte*

*Grier* (S. C.), 80 S. E. 705; *In re Bergeron,* 220 Mass. 472
[107 N. E. 1007] ; *In re Bowers,* 137 Tenn. 189 [194 S. W.
1093] ; *In re Bowers,* 137 Tenn. 193 [192 S. W. 919] ; *In re
Bowers,* 138 Tenn. 662 [200 S. W. 821] ; *In re Adkins,* 83
W. Va. 673 [98 S. E. 888] ; *In re Frank,* 293 Ill. 263 [127
N. E. 640] ; *In re Ellis, supra.* So many cases—and there
are others of a similar character—yielding tacit assent to
the constitutionality of the laws creating such bodies, give
some weight to the view that the present assault upon the
California law on the subject is without merit. This condi-
tion is of course far from controlling, but we are not without
some authority directly bearing upon the point. In an in-
teresting case which involved the constitutionality of a stat-
ute providing for "law examiners," the supreme court of
Washington determined that parts of the law should stand,
but that other parts of it must fall. The court said, in
part: "The courts are jealous of their own prerogatives, and
at the same time studiously careful and sedulously de-
termined that neither the executive nor legislative depart-
ment shall usurp the powers of the other, or of the courts.
Now, it is evident that under our constitution this board
may exercise such delegated legislative powers as have been
granted to it, which are the examination of applicants for
admission to the bar and the prescribing of certain rules;
and they are competent to exercise the administrative powers
conferred upon them of investigating the conduct of at-
torneys who have been admitted, to ascertain whether or not
they should be permitted to continue to practice their pro-
fession, in order that the mischiefs sought to be remedied
by the legislature may be remedied and prevented, and may
initiate complaints in such cases and hear the evidence,
and make reports and findings thereon. But the board is
not a court, and cannot exercise the functions of a court,
except the limited function of passing upon evidence re-
ceived by them and reporting it. They can make no order
striking the name of an attorney from the rolls or disbar-
ring him from practice" (*In re Bruen, supra*). If there
were not authority upon the subject we should not hesitate
to declare constitutional our statute creating and providing
for the functions of the state board of bar examiners. The
law appears to us to exhibit a proper legislative regulation

of the machinery for admissions to the bar. In our opinion it does not invade the judicial realm. [4] The applicant cannot therefore be admitted to the bar without first submitting himself to the board for examination.

Petition denied.

Finlayson, P. J., and Craig, J., concurred.