476 P.2d 846

**Application of Robert C. C. HEANEY, to be admitted as a member of the State Bar of the State of Arizona.**

**No. 10076.**

Supreme Court of Arizona, In Banc.

Nov. 20, 1970.

Robert C. C. Heaney, pro se.

Mark Wilmer, Phoenix, Chairman of the Committee on Examinations and Admissions.

McFARLAND, Justice.

Robert C. C. Heaney petitions this Court for a review of the decision by the Committee of Examinations and Admissions declining to recommend his admission to practice law in the courts of this state. The petition was filed pursuant to Rule XI E, subsection C of the Rules for Admission for Application to the State Bar of Arizona.

Petitioner filed for and qualified to take the Arizona Bar examination given February 1970. His grade awarded on the general examination was 69.3428 and passing grade was 70. The grade awarded on professional ethics was 69 and required to pass was 70. Thereafter he conferred with Mr. Henry R. Merchant, Jr., secretary and member of the Committee on Examinations and Admissions, regarding the grading of his examination as well as petition for review of examination papers of an applicant.

The Committee filed its answer to the Petition for Review pointing out that the petitioner had not complied with the rules providing for review as set forth by this court: ("being page 11 of the printed Rules"), and further stating the Rule requires that "before an applicant may receive a review of his examination papers and grades by the Supreme Court that two members of the Committee must be of the opinion that the applicant's papers have been unfairly graded, who must state in writing their reasons for this opinion. The matter of review by the Court is made discretionary, with the further provision 'no such review shall be granted unless the reasons for dissent of two members are stated in writing.' "

"The Committee recognizes that the rules do not specifically provide for amendment of a defective petition, but states that the Committee has from time to time accepted amended petitions which if conforming to the rules have resulted in a review by the Committee of the grades of the applicant complained of. The Committee respectfully asserts that the remedy of the Petitioner, if any remedy is now available, was and should have been a request to the Court that the Committee either accept the petition as filed and review Petitioner's grades, or allow Petitioner to amend the petition to conform with the rules, and that the rules do not contemplate a direct application to the Court for admission to practice other

than in accordance with the procedures established by this Court."

The Committee summarily dismissed the original petition for the Committee's review of his examination papers. It is from this action of the Committee that Petitioner seeks review of this court.

■ The courts have inherent power to determine what persons may be admitted to the Bar, In re Chapelle, 71 Cal.App. 129, 234 P. 906. This court has set forth the rules and regulations by which an applicant may be admitted to the Bar. We accept jurisdiction of the matter under Rule XI (28C A.R.S. 17) which provides as follows:

### "REVIEW BY THE SUPREME COURT

"An applicant aggrieved by any decision of the Committee

(A) Refusing permission to take an examination upon the record:

(B) Refusing permission to take an examination after hearing:

(C) For any substantial cause other than with respect to a claimed·failure to award a satisfactory grade upon an examination;

may within 20 days after such occurrence file a verified petition with this Court for a review. The petition shall succinctly and briefly state the facts which form the basis for the complaint and applicant's reasons for believing this Court should review the decision of the Committee."

(The rule further sets forth the proceedings to be followed by the petitioner upon the failure to receive satisfactory grades.)

The Supreme Court of California in reviewing similar rules for admission to the Bar ·in disposing of a petition to the court for admission stated:

"This court will not inquire into petitioner's inability to pass any or all of such examinations, and unless he can show that he was prevented from passing the bar examinations through fraud, imposition, or coercion, or that he has been treated unfairly or unjustly, this court will not listen to his complaint." Salot v. State Bar of California, 3 Cal.2d 615, 45 P.2d 203.

There are no allegations of fraud, imposition or coercion in the instant case. The proceedings for review of the examination papers are set forth in the rules.

■ Under said Rule XI (28(C) A.R.S. 17) the Committee is given discretion to dismiss a petition for review of examination papers of applicant summarily if they find such petition amounts to "a general claim of unfairness and does not particularize and specify the exact and complete particulars of the claimed improper and unfair grading." While the petition filed with the Committee was drawn in a very professional manner, nevertheless it contained a statistical review of the petitioner's examination results and general claim of unfairness in the manner of grading which would be applicable to any other examination paper rather than setting forth the exact and complete particulars of alleged unfair or improper grading of a particular set of examination papers. In such a case the applicant places the burden upon the Committee to locate and argue specific answers which should be upgraded. This is not a compliance with the rule. Respondent has set forth the proper procedure for the Petitioner.

The Petition in this Court is dismissed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.