[No. 10,159.]

Ex Parte HARKER.

CIVIL ACTION.—An action arising out of an obligation, or of an injury, whether in law or in equity, is a civil action.

WRIT OF NE EXEAT.—The Code of Civil Procedure prescribes the writs by which, and the proceedings upon which, a defendant may be arrested in a civil action, and the writ of *ne exeat* not being among the number, the District Courts have no power to issue such writ.

IDEM.—The Legislature has the power to abolish the writ of *ne exeat*.

LEGISLATURE MAY PRESCRIBE RULES FOR COURTS.—The fact that the constitution confers jurisdiction upon the District Courts in "equity cases," does not prevent the Legislature from prescribing the procedure by which the jurisdiction is to be exercised, unless the regulations adopted, substantially impair the constitutional power of the Court, or practically defeat its exercise.

JOSEPH W. CLARK commenced an action in the District Court of the Twelfth Judicial District, City and County of San Francisco, against John W. Harker, Mary A. Harker, George M. Harker, and Buel Harker, and alleged, among other things, that John W. Harker was indebted to him, and that Mary A. Harker had a large amount of the property of said John W., as his fraudulent trustee, to keep the same out of the reach of the plaintiff, and that said John W. and Mary A. designed quickly to go to parts without this State. Upon the application of the plaintiff, the Court issued the writ of *ne exeat*, commanding the Sheriff to arrest said John W. and Mary A., and keep them in his custody, unless they gave bail in the sum of twenty-five thousand dollars, not to go to parts beyond this State. Said John W. and Mary A. were arrested by the Sheriff, and petitioned the Chief Justice to be discharged on *habeas corpus.*

*Stanley*, for the Petitioners, cited 5 Daniel's Ch. Pr., p. 1,927; 10 Vesey, 164; 25 Howard, P. R. 181; *Hyde* v. *Whitfield*, 19 Vesey, 344, and *Ex Parte Rowe*, 7 Cal. 182.

*Felton*, also for the Petitioners.

*Sharp*, Contra.

By WALLACE, C. J.:

The petitioners were arrested and are now held in custody by the Sheriff by virtue of a writ of *ne exeat* issued by the District Court.

1. It is provided by section 478 of the Code of Civil Procedure as follows: "No person can be arrested in a civil action, except as prescribed in this Code." A civil action is an action arising out of (1,) an obligation; or (2,) an injury. (Id. Sec. 25.) The action here, whether to be considered as one at law, or in eqiuty, is therefore a civil action, and by the express provisions of the Code, a defendant in such an action can be arrested only as prescribed in the Code itself.

2. It is argued, however, that the power to issue the writ

of *ne exeat* is preserved by the last clause of the fifth sub-division of the fifty-seventh section of the Code of Civil Procedure, which authorizes the District Courts to issue "writs of mandate, review, prohibition, *habeas corpus*, and all writs necessary to the exercise of its powers."

We see no necessary conflict between the several provisions of the statute referred to. The powers of the District Court, whether sitting in equity or at law, to arrest a defendant on a civil action, are defined by the Code, and the writ by which, and the proceedings upon which such an arrest is to be effected are therein prescribed, and the writ of *ne exeat* is not one. Nor is there any force in the suggestion made at bar, that it was not competent to the Legislature to abolish the writ, because jurisdiction in equity cases is conferred upon the District Courts by the Constitution. Jurisdiction is also conferred by the Constitution upon those Courts in certain cases at law; but it is apparent, in equity no less than at law, that the mere procedure by which jurisdiction is to be exercised may be prescribed by the Legislature, unless, indeed, such regulations should be found to substantially impair the constitutional powers of the Courts, or practically defeat their exercise.

It results that the petitioners must be discharged, and it is so ordered.

By CROCKETT, McKINSTRY, NILES, and RHODES, Justices:

Having heard the argument in the above entitled cause, we concur in the foregoing opinion and order of the Chief Justice.