[In Bank.—March 3, 1905.]

## In the Matter of the Application of SAMUEL T. MOCK to be Admitted to Practice as an Attorney.

ATTORNEYS—ADMISSION TO PRACTICE—JURISDICTION—DISTRICT COURTS OF APPEAL.—Under the amendment of 1905 to section 279 of the Code of Civil Procedure, the admission of attorneys of other states and countries to practice in all the courts of this state is placed wholly within the jurisdiction of the district courts of appeal, and the law does not authorize an admission of such attorneys by this court.

APPLICATION of Samuel T. Mock to be admitted to practice as an attorney in the courts of this state.

The facts are stated in the opinion of the court.

THE COURT.—Samuel T. Mock, a citizen of the United States, has applied to this court to be admitted to practice as an attorney and counselor in all the courts of this state.

He has, by the production of his license, issued by the supreme court of the state of Wisconsin, established the fact that he has been admitted to practice law in the highest court of a sister state, and has produced satisfactory evidence to the effect that he is in good standing at the bar of said sister state, and is a man of good moral character. He is, therefore, entitled to have his application granted if this court has the power to grant it.

The legislature of this state, at its present session, has amended the section of the Code of Civil Procedure relative to the admission of attorneys from other states and countries to practice in all the courts of this state (sec. 279), so as to place such matter entirely in the jurisdiction of the district courts of appeal provided for by the recent amendment to the constitution. By section 277 of the Code of Civil Procedure, as amended, it is provided that every person admitted to practice by a district court of appeal, "either upon examination or upon the production of a license from another state, . . . may practice as an attorney in all the courts of this state, including the supreme court." By section 279, as amended, it is provided that one may be admitted, on license,

to practice in all the courts of this state "by any district court of appeal," and there is nothing in the law as it now exists that purports to authorize this court to make any such order of admission. It is undoubtedly true that this court has the power, as a matter of comity, to permit an attorney from any other state to present argument to this court in any pending cause, but we are of the opinion that it has not, under the law as it is now written, the power to make an order admitting one to practice in all the courts of this state, and that the applicant must make his application to a district court of appeal.

The application is therefore denied, without prejudice to the right of the applicant to apply to any district court of appeal.