OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 90-201 |
| of | : | |
| | : | June 12, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE QUENTIN L. KOPP, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following questions:

1.      May a person who is not an active member of the State Bar of California, but has been issued a current Certificate of Registration as a Registered Foreign Legal Consultant, practice law in California?

2.      May a person who is not an active member of the State Bar of California, but has been issued a current Certificate of Registration as a Registered Foreign Legal Consultant, practice law in the federal courts and tribunals in California if authorized by federal law?

CONCLUSIONS

1.      A person who is not an active member of the State Bar of California, but has been issued a current Certificate of Registration as a Registered Foreign Legal Consultant, may practice law in California to the extent authorized under rule 988 of the California Rules of Court.

2.      A person who is not an active member of the State Bar of California, but has been issued a current Certificate of Registration as a Registered Foreign Legal Consultant, may practice law in the federal courts and tribunals in California if authorized by federal law.

ANALYSIS

On April 2, 1987, the California Supreme Court adopted rule 988 of the California Rules of Court, concerning the regulation of Registered Foreign Legal Consultants (RFLC). A RFLC is a person who is admitted to practice and is in good standing as an attorney or counselor at law or the equivalent in a foreign country, and who has been issued a Certificate of Registration as a RFLC, which certificate is current. (Rule 988, subd. (a).) An applicant for registration must have been admitted to practice and have actually practiced law as an attorney in a foreign country for at least four of the six years immediately preceding the application, must possess the good moral character requisite for a member of the bar of this state, and must file an application with the State

1.                                                    90-201

Bar of California. (Subd. (b).) The application must contain evidence of compliance with these and other requirements as prescribed by the State Bar. (Subd. (c).) Upon review and approval of the application, the State Bar shall issue the certificate, which must be renewed annually. (Subds. (d), (e), and (i).)

Each RFLC is subject to the jurisdiction of the courts of this state with respect to the law governing the conduct of attorneys to the same extent as a member of the State Bar, to the disciplinary jurisdiction of the State Bar, and to the rights and obligations with respect to attorney-client privilege, work product privilege, and other professional privileges to the same extent as a member of the State Bar; further, each RFLC is required to execute a commitment to observe the standards of professional conduct required of members of the State Bar, and an undertaking or appropriate evidence of professional liability insurance. (Subd. (p).) A certificate is subject to suspension or revocation if any of the requirements for its original issuance no longer exist, or upon the failure at any time to comply with the provisions of rule 988. (Subd. (t).)

A RFLC may render legal services in this state provided, however, that the RFLC shall not

(1) appear for a another person as attorney in any court, or before any magistrate or other judicial officer, in this state or prepare pleadings or any other papers or issue subpoenas in any action or proceeding brought in any court or before any judicial officer; or

(2) prepare any deed, mortgage, assignment, discharge, lease, or any other instrument affecting title to real estate located in the United States of America; or

(3) prepare

(i) any will or trust instrument affecting the disposition on death of any property located in the United States of America and owned by a resident; or

(ii) any instrument relating to the administration of a decedent's estate in the United States of America; or

(4) prepare any instrument in respect of the marital relations, rights, or duties of a resident of the United States of America or the custody or care of the children of a resident; or

(5) otherwise render professional legal advice on the law of this state, of any other state of the United States, or of the United States of America or any jurisdiction other than the jurisdictions named in satisfying the requirements of subdivision (a), (b), and (c); or

(6) in any way hold himself or herself out as a member of the bar of this state; or

(7) use any title other than "legal consultant," in each case only in conjunction with the name of the jurisdictions named by the Registered Foreign Legal Consultant in satisfying the requirements of subdivisions (a), (b), and (c).

(Subd. (o).)

While it is expressly stated in the introductory paragraph of subdivision (o) that a RFLC "may render legal services in this state", it is clear from the attendant limitations, especially paragraph 5 precluding the rendering of professional legal advice on the law of this state, that a RFLC is essentially constrained to providing legal consultation on the law of the jurisdiction named

in the certificate issued by the State Bar. It is this limited activity, in view of the absence of any other legal basis or authority for a RFLC to practice law in this state, that is the subject of the inquiries presented for resolution.

We are first asked whether a RFLC who is not an active member of the State Bar may practice law in California. The issue is, in effect, whether rule 988 is a legally sufficient basis or authority for foreign legal consulting in this state. In the absence of any *express* constitutional authority for the rule, we shall first examine whether there is any constitutional or statutory impediment to the rule.

California Constitution, article VI, section 9 provides:

"The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this state, is and shall be a member of the State Bar except while holding office as a judge of a court of record."

This section was enacted in November 1960 as article VI, section 1c, to constitutionalize the "integrated bar", i.e., a compulsory association of attorneys that conditions the practice of law in a particular state upon membership and mandatory dues payments, as established in 1927 upon the adoption by the Legislature of the State Bar Act (Bus. & Prof. Code, § 6000 et seq.).[1] (Cf. *Keller v. State Bar* (1989) 47 Cal.3d 1152, 1159.) However, section 9 by its express terms applies only to those who are *admitted and licensed* to practice law in this state. Consequently, the section provides no impediment to the registration of those, such as RFLCs, who are neither admitted and licensed nor qualified for admission and licensure to practice law, e.g., by examination (see discussion, *post*), and taking of an oath to support the Constitution of the United States and the Constitution of the State of California (Bus. & Prof. Code §6067).

We next examine the provisions of the State Bar Act. Section 6125 of the Business and Professions Code provides as follows:

"No person shall practice law in this state unless he is an active member of the State Bar."

Further, it is a misdemeanor to advertise or hold oneself out as practicing or entitled to practice law or to otherwise practice law without being an active member of the State Bar. (Bus. & Prof. Code, § 6126.)

The significance of the words "practice of law" is well established:

". . . [A]s the term is generally understood, the practice of law is the doing and performing services in a court of justice in any manner depending therein throughout its various stages and in conformity with the adopted rules of procedure. But in a larger sense it includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured although such matter

---

[1]Section 6002 of the Business and Professions Code provides:

"The members of the State Bar are all persons admitted and licensed to practice law in this State except justices and judges of courts of record during their continuance in office."

may or may not be depending in a court." (*People* v. *Merchants Protective Corp.* (1922) 189 Cal. 531, 535-536; *In re Utz* (1989) 48 Cal.3d 468, fn. 11.)

Consequently, the practice of law includes legal advice and counsel. (*Bluestein* v. *State Bar* (1974) 13 Cal.3d 162, 173.) In the latter case, the court further considered whether legal advice and counsel on matters of foreign law constitutes the practice of law (*id.* at 173-174):

> "`Whether a person gives advice as to [local] law, Federal law, the law of a sister State, or the law of a foreign country, he is giving legal advice. . . . To hold otherwise would be to state that a member of the [State] Bar only practices law when he deals with local law, a manifestly anomalous statement.' (*In re Roel*, 3 N.Y.2d 224 [165 N.Y.S.2d 31, 35, 144 N.E.2d 24] [app. dism. for want of substantial fed. question, 355 U.S. 604].)

> "Giving legal advice regarding the law of a foreign country thus constitutes the practice of law, and the next question is whether such practice is unauthorized. Business and Professions Code section 6125 provides, `No person shall practice *law* in this State unless he is an active member of the State Bar.' (Italics added.)

> "Does `law' in section 6125 include foreign law? A similar question was presented in *In re Roel*, *supra*, 165 N.Y.S.2d 31. There a lawyer admitted to practice in Mexico but not in New York, maintained an office in New York and advised members of the public on Mexican law. An action was brought to enjoin him from practicing law, and the trial court, inter alia, granted the injunction. On appeal the New York Court of Appeals, in its 5 to 2 decision affirming the order, held that `law' as used in the New York code section proscribing the unlicensed practice of `law' included foreign law. The court stated in part, `Protection of the members of the lay public of our State, when they seek legal advice . . . is the basis of the requirements of licensing of attorneys by the State, and this protection must be deemed to embrace whatever kind of law or legal rights the layman seeks advice on . . . [¶] When counsel who are admitted to the Bar of this State are retained in a matter involving foreign law, they are responsible to the client for the proper conduct of the matter . . . . Moreover, the conduct of attorneys admitted here may be regulated by our courts [citations], and dealt with when they engage in unethical practices . . . . A foreign law specialist, on the other hand, is not subject to discipline; he need not be a lawyer of any jurisdiction; he may be without good character; and his activities may not even be regulated under the present state of the law.' Similarly here `law' as used in Business and Professions Code section 6125 includes foreign law. (See generally A.B.A. Opinions on Professional Ethics (1967) p. 586.)"

> Moreover, the Legislature has prescribed comprehensive prerequisites for the practice of law, including passing a final bar examination. (Bus. & Prof. Code, § 6060.) However, a different set of prerequisites applies to persons who have been admitted to practice law in a sister state or *any foreign state or country*. Specifically, section 6062 provides, inter alia, that such a person shall:

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "(d) Have passed such examination as in the discretion of the examining committee may be required; provided, however, that those persons admitted to practice law in a foreign state or country where the common law of England does not constitute the basis of jurisprudence shall be required to pass the final bar

examination given by the examining committee to general applicants pursuant to subdivision (f) of Section 6060."

It is clear, therefore, that a legal consultant from a foreign state or country where common law[2] does not constitute the basis of jurisprudence is required by statute to pass the general bar examination. No exemption is provided for those whose practice will be limited to advice and consultation respecting the law of a particular foreign country.

While in our view, the same is true of a legal consultant from a foreign state or country where common law does constitute the basis of jurisprudence, a different result may be argued. As provided in subdivision (d), *supra*, such a person must "[h]ave passed such examination as in the discretion of the examining committee may be required." Literally construed, it may be suggested that this language does not require the examining committee to provide an examination; specifically, the words *may be required* are permissive and not mandatory. The permissive expression is, on the other hand, accounted for by its consistency with the discretion vested in the committee as to the *kind* of examination that *may be required*. So construed, the words *such examination* would not include *no examination*. This view, that the statute does require an examination, is supported by section 6060.5 of the Business and Professions Code:

"Neither the board [of governors of the State Bar], nor any committee authorized by it, shall require that applicants for admission to practice law in California pass different final bar examinations depending upon the manner or school in which they acquire their legal education.

"This section shall not prohibit the board, or any committee authorized by it, from establishing a different bar examination for applicants who are admitted to practice before the highest court of another state or of any jurisdiction where the common law of England constitutes the basis of jurisprudence."

Again, while the second paragraph of the statute expressly reserves to the examining committee the discretion to provide a *different* examination, it does not suggest that *no* examination need be administered. Nor has the State Bar exempted any class of attorney applicants from the examination requirement. (Rules Regulating Admission to Practice Law in California, Bus. & Prof. Code, foll. § 6068, rule IV, § 42, and rule XII, § 121.) Since the passage of a final bar examination is required in every case, an applicant from a foreign state or country, whether a common law jurisdiction or not, who has not passed such an examination may not be deemed a member of the State Bar, whether or not registered as a RFLC. Hence, a RFLC is not authorized under the legislative scheme set forth above, to practice law in California. (Bus. & Prof Code, §§ 6125 and 6126, *supra.*)

A conflict, therefore, inevitably appears. The provisions of rule 988, as promulgated by the State Bar and adopted by the Supreme Court, do not require the passage of a final examination administered by the State Bar as a condition to providing legal consultation on the law of a particular foreign country.[3] In addition, the rule expressly prohibits the provider of such legal

---

[2]The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State. (Civ. Code, § 22.2.)

[3]The situation is not unique. Rule 983(a) of the California Rules of Court has always provided since its adoption in 1972, notwithstanding the statutory prohibition against the practice of law by persons not active members of the State Bar, that: "A person who is not a member of the State Bar

services from holding himself out as a member of the bar of this state. (Subd. (o), ¶ 6, *supra*.) The State Bar Act, on the contrary, requires the passage of a final examination as a condition of such practice. This conflict must be resolved in order to determine the effect of the Supreme Court's adoption of rule 988.

We shall next examine the nature, scope, and limitation upon the Legislature's power to regulate admission to the practice of law. That the Legislature is not precluded from such activity was well established in *Brydonjack* v. *State Bar* (1908) 208 Cal. 439, 443-445:

"Admission to practice is almost without exception conceded everywhere to be the exercise of a judicial function, and this opinion need not be burdened with citations on this point. Admissions to practice have also been held to be the exercise of one of the inherent powers of the court. (*In re Bruen*, 102 Wash.472; *In re Chapelle*, 71 Cal.App. 129.)

"But the power of the legislature to impose reasonable restrictions upon the practice of the law has been recognized in this state almost from the inception of statehood. In *Cohen* v. *Wright*, 22 Cal. 293, 319, the court considered an act of the legislature requiring an applicant for admission to take and file what was known as the oath of allegiance. This enactment was declared valid as against the contention that it usurped judicial functions. It was the contention that it usurped judicial functions. it was in that case declared: `The right to practice law is not an absolute right, derived form the law of nature. It is the mere creature of the statute, and when the license is issued and the official oath taken, which authorizes the attorney to exercise the right, it confers but a statutory privilege, subject to the control of the legislature.'

"This doctrine was confirmed in *Ex parte Yale*, 24 Cal. 241, 244, where it said: `The manner, terms, and conditions of their admission to practice, and of their continuing in practice, as well as their powers, duties and privileges, are proper subjects of legislative control to the same extent and subject to the same limitations as in the case of any other profession or business that is created or regulated by statute.' Again, in *In re Mock*, 146 Cal. 378, the court recognized the power of the legislature to centralize all admissions to the bar in the District Courts of Appeal. Again, recently the power of the legislature to transfer this function to this court has been declared. (*In re Weymann*, 92 Cal.App. 646.) In *In re Galusha*, 184 Cal. 697, it was noted that the profession of the law required a more detailed supervision by the legislature than the ordinary profession.

".................................

"The sum total of this matter is that the legislature may put reasonable restrictions upon constitutional functions of the courts provided they do not defeat or materially impair the exercise of those functions. This power has been described as follows: `. . . the mere procedure by which jurisdiction is to be exercised may be

_____

of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state, territory or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel pro hac vice. . ." (See *Walter E. Heller Western, Inc.* v. *Superior Court* (1980) 111 Cal.App.3d 706, 709.)

prescribed by the Legislature, unless indeed, such regulations should be found to substantially impair the constitutional powers of the courts, or practically defeat their exercise.' (*Ex parte Harker*, 49 Cal. 465, 467. See, also, *In re Garner*, *supra*.) And this power, to this extent, we must concede to the legislature in the regulation of admissions to the bar. Happily, however, as above noted, we are not in this proceeding required to set the stakes along the common boundary between these zones of power. For, as above noted, the statute in question goes no further in the matter of regulation than previous statutes, the provisions of which have met the approval of this court." (Emphasis added.)

While the power of the Legislature to participate in the regulatory process is clear, it has been long settled that the inherent power over the admission of attorneys to practice law is vested in the courts by virtue of California Constitution, article VI, section I:

"The judicial power of this State is vested in the Supreme Court, courts of appeal, superior courts, municipal courts, and justice courts. . . "

Article III, section 3 provides:

"The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

The principle that the admission and discipline of attorneys is a judicial, and not a legislative, question was reviewed in *Hustedt* v. *Workers' Comp. App. Bd.* (1981) 30 Cal.3d 329, 336-339:

"Petitioner's first premise, that the discipline of attorneys is a judicial function, is undisputed. Article VI, section 1, of the California Constitution vests the judicial power of this state in the Supreme Court, Courts of Appeal, superior courts, municipal courts and justice courts. Since the `courts are set up by the Constitution without any special limitations' on their power, they `have . . . all the inherent and implied powers necessary to properly and effectively function as a separate department in the scheme of our state government. [Citations.]' (*Brydonjack* v. *State Bar* (1929) 208 Cal. 439, 442; see also *Millholen* v. *Riley* (1930) 211 Cal. 29, 33-34; *In re Garner* (1918) 179 Cal. 409; *Nicholl* v. *Koster* (1910) 157 Cal. 416, 423-424.)

"In California, the power to regulate the practice of law, including the power to admit and to discipline attorneys, has long been recognized to be among the inherent powers of the article VI courts. Indeed, every state in the United States recognizes that the power to admit and to discipline attorneys rests in the judiciary. (Martyn, *Lawyer Competence and Lawyer Discipline: Beyond the Bar?* (1981) 69 Geo. L.J. 705, 707, fn. 4.) `This is necessarily so. An attorney is an officer of the court and whether a person shall be admitted [or disciplined] is a judicial, and not a legislative, question.' (*In re Lavine, supra*, 2 Cal.2d 324, 328; see also *Stratmore* v. *State Bar, supra*, 14 Cal.3d 887, 889-890.)

"Nevertheless, this court has respected the exercise by the Legislature, under the police power, of `a reasonable degree of regulation and control over the profession and practice of law . . .' in this state. (*State Bar of California* v. *Superior Court* (1929) 207 Cal. 323, 331; *Brydonjack* v. *State Bar, supra*, 208 Cal. at pp. 442-444.) This pragmatic approach is grounded in this court's recognition that the separation of powers principle does not command `a hermetic sealing off of the three

branches of Government from one another.' (*Buckley* v. *Valeo* (1976) 424 U.S. 1, 121. Although the doctrine defines a system of government in which the powers of the three branches are to be kept largely separate, it also comprehends the existence of common boundaries between the legislative, judicial, and executive zones of power thus created. (*Brydonjack* v. *State Bar*, *supra*, 208 Cal. at p. 444.) Its mandate is `to protect any one branch against the overreaching of any other branch. [Citations.]' (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 141; accord *Brydonjack* v. *State Bar*, *supra*.)

"............................

"<u>The standard for assessing whether the Legislature has over-stepped its authority and thereby violated the separation of powers principle has been summarized as follows. `[T]he legislature may put reasonable restrictions upon constitutional functions of the courts provided they do not defeat or materially impair the exercise of those functions.</u>' (*Brydonjack* v. *State Bar*, *supra*, 208 Cal. at p. 444; accord *In re Lavine*, *supra*, 2 Cal.2d at p. 328.)

". . .This court has affirmed the constitutionality of the State Bar Act in the face of a separation of powers challenge. (*In re Shattuck*, *supra*, 208 Cal. at pp. 9-12; *Brydonjack* v. *State Bar*, *supra*, 208 Cal. at pp. 444-446.) . . .

"This court's original jurisdiction over disciplinary proceedings is not limited in any manner. For example, the court exercises its independent judgment as to the weight and sufficiency of the evidence and as to the discipline to be imposed. (E.g., *Codiga* v. *State Bar* (1978) 20 Cal.3d 788, 796; *Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 980; *Brotsky* v. *State Bar*, *supra*, 57 Cal.2d at p. 301.)" (Fns. omitted; emphases added.)

Consequently, a "reasonable degree" of legislative regulation may be tolerated, provided that it does not "overreach", i.e., "materially impair" the constitutional prerogative of the courts. It remains finally to be determined whether Business and Professions Code sections 6125, providing that no person shall practice law in this state without membership in the State Bar, and 6062, providing as a condition to such membership the passage of a final bar examination, materially impairs the prerogative of the court to determine, as it has, that such prerequisites do not apply to the limited practice of a RFLC. In our view, the application of the statutory conditions would directly conflict with and effectively preclude the exercise by the court of its inherent jurisdiction in the matter, thereby materially impairing the judicial domain respecting admission to practice law. In *In re Lavine* (1935) 2 Cal.2d 324, the Supreme Court refused to reinstate an attorney notwithstanding a statute purporting to restore the right to practice law to those who, having been convicted of a crime, had received a full executive pardon, since, prior to the enactment, a pardon had been judicially held insufficient to accomplish that result. The statute "is unconstitutional and void as a legislative encroachment upon the inherent power of this court to admit attorneys to the practice of the law and is tantamount to the vacating of a judicial order by legislative mandate." (*Id.* at 329.) In *Merco Constr. Eng'rs, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, the Supreme Court declined to permit a corporate officer who was not an attorney to appear in court on behalf of the corporation, holding that the legislature could not vest in such a person that right. "We deem it established without serious challenge that legislative enactments relating to admission to practice law are valid only to the extent they do not conflict with rules for admission adopted or approved by the judiciary." (*Id.* at 728-729.) In *Brydonjack* v. *State Bar* (1929) 208 Cal. 439, the Court admitted to practice a foreign attorney whom the bar committee did not recommend. "The applicants are to first submit themselves to this bureau for investigation, and after this is done the

power in this court is plenary to admit those who have in our opinion met the prescribed test, whether the investigators do or do not agree with this conclusion." (*Id.* at 446.)

It is concluded that a RFLC may practice law in this state to the extent authorized under rule 988, without regard to State Bar membership.

We are next asked whether a RFLC who is not an active member of the State Bar may practice law in the federal courts and tribunals in California *if authorized by federal law*. Thus, the question presented supposes such practice to be federally authorized. In *In re McCue* (1930) 211 Cal. 57, 66, the court stated:

> "The State Bar Act and other statutes enacted for the purpose of regulating the practice of law in this state are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct. This state, should it attempt, and we do not think it has, to regulate the practice of law in the federal courts or to place any restrictions or limitations upon the persons who might appear before the federal courts within this state, would be acting entirely without right and beyond its jurisdiction."

See also, *Cowen* v. *Celabrese* (1964) 230 Cal.App.2d 870, 872-873.

With respect to an attempt by a state to require a state license to practice law before a federal administrative tribunal, the Supreme Court stated in *Sperry* v. *Florida* (1963) 373 U.S. 381, 383-384, that while a state may have certain valid regulatory interests in the absence of federal regulation in the premises, "the law of the State, though enacted in the exercise of powers not controverted, must yield when incompatible with federal legislation." The court found implicit in the history of the federal regulation of practice before the Patent Office the congressional recognition that registration in the Office confers a right to practice "without regard to whether the state within which the practice is conducted would otherwise prohibit such conduct." (*Id.* at 388.)

It is concluded that a RFLC may, to the extent authorized by federal law, practice law in the federal courts[4] and tribunals in California, without regard to State Bar membership.

* * * * *

---

[4]The four district courts located in California have each promulgated local rules of practice governing admission to practice. Three require membership in the California State Bar. (C.D. Cal. rule 2.2.1; E.D. Cal. rule 180(a); S.D. Cal. rule 110-3(a), as amended by General Order No.347.) The fourth requires membership in the bar of any United States court or the highest court of a state, territory, or insular possession of the United States. (N.D. Cal. rule 110-1.) Further, all four district courts allow appearances *pro hac vice* in certain circumstances by persons who are members of the bar of another federal, state, or territorial court. (C.D. Cal. rule 2.2.3; E.D. Cal. rule 180(b)(2); S.D. Cal. rule 110-3(e); N.D. Cal. rule 110-2(b).) The United States Court of Appeals for the Ninth Circuit requires membership in the bar of the United States Supreme Court, another court of appeals, a district court, or the highest court of a state. (Fed. R. App. P. 46(a).)