TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 22-602 |
| of | : | |
| | : | May 25, 2023 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| KARIM J. KENTFIELD | : | |
| Deputy Attorney General | : | |

The HONORABLE PHILLIP CHEN, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on a question relating to the State Bar of California and the regulation of legal document assistants.

**QUESTION PRESENTED AND CONCLUSION**

May the Legislature enact a statute authorizing the State Bar of California to regulate non-attorney legal document assistants?

Yes. The Legislature may enact a statute authorizing the State Bar to regulate legal document assistants.

**BACKGROUND**

California law authorizes non-attorney professionals known as legal document assistants to provide certain services to individuals who are representing themselves in legal matters.[1] Under Business and Professions Code section 6400 et seq., legal

---

[1] Bus. & Prof. Code, § 6400, subd. (c)(1); see generally 1 Witkin, California Procedure (6th ed. 2023) Attorneys, § 406 (Legal Document Assistants). The chapter of the

document assistants may "[c]omplet[e] legal documents" for a self-represented person "by typing or otherwise completing the documents at the person's specific direction."[2] Legal document assistants may also file and "serv[e] legal forms and documents at the [client's] specific direction"; make available "published legal documents"; and provide "general published factual information that has been written or approved by an attorney, pertaining to legal procedures, rights, or obligations."[3] Legal document assistants may perform these services without affiliating with an attorney.[4] But they may not "[e]ngage in the unauthorized practice of law": they are prohibited from "giving any kind of advice, explanation, opinion, or recommendation to a consumer about possible legal rights, remedies, defenses, options, selection of forms, or strategies."[5]

Legal document assistants must register with the "county clerk in the county in which their principal place of business is located, and in which they maintain a branch office."[6] To register as a legal document assistant, an individual must satisfy several eligibility requirements, pay an application fee, and either post a liability bond or deposit the cash equivalent.[7] If the county clerk denies registration, the applicant may appeal the decision to the Director of the state Department of Consumer Affairs.[8] After registering, legal document assistants must comply with other statutory mandates—including completion of continuing legal education requirements, use of a standardized written contract with clients, and periodic registration renewal.[9] The relevant statutes direct the Department of Consumer Affairs to implement some of these requirements.[10]

---

Business and Professions Code regulating the activities of legal document assistants is scheduled to be repealed on January 1, 2024. (Bus. & Prof. Code, § 6401.7.)

[2] Bus. & Prof. Code, § 6400, subds. (c)(1), (d)(1).

[3] Bus. & Prof. Code, § 6400, subd. (d)(2)-(4).

[4] Compare Bus. & Prof. Code, § 6450, subd. (a) (paralegals "work under the direction and supervision of an" attorney).

[5] Bus. & Prof. Code, § 6411, subd. (e); see also *id.*, §§ 6401.6, 6400, subd. (g).

[6] Bus. & Prof. Code, § 6402.

[7] Bus. & Prof. Code, §§ 6402.1, 6404, 6405.

[8] See Bus. & Prof. Code, §§ 6406, subds. (d)-(f), 23.5, 150; Cal. Code Regs., tit. 16, §§ 3910, subd. (d), 3920, 3930, 3940.

[9] See Bus. & Prof. Code, §§ 6402.2, 6406, subd. (a), 6410.

[10] See Bus. & Prof. Code, § 6402 (registration application); *id.*, § 6410 (standardized written contract); see Cal. Code Regs., tit. 16, §§ 3900, 3950 (Department of Consumer Affairs regulations implementing these requirements).

The State Bar of California is a public corporation within the judicial branch whose mission is to protect the public by regulating the legal profession.[11] Attorneys practicing law in California must generally be members of the Bar, known as "licensees." In "matters of admission and discipline of attorneys," the Bar serves "as an administrative arm of" the California Supreme Court, providing recommendations subject to final judicial approval.[12] In addition to regulating licensees, the Bar regulates the authorized practice of law in the State by non-licensees—such as law students, law corporations, and attorneys licensed in other states.[13] It also plays an important role in investigating and policing the *unauthorized* practice of law by non-licensees.[14]

The Bar oversees certain other activities related to the legal system as well. Relevant here, the Bar regulates non-attorney service providers who refer potential clients to attorneys.[15] Like legal document assistants, these lawyer-referral services do not practice law; their activities are related to legal practice, as they direct members of the public to specific legal service providers. The Business and Professions Code requires lawyer-referral services to register with the State Bar and satisfy statutory requirements regarding cost of services and ownership, among others.[16] It also directs the Bar to formulate and enforce regulations to implement the statutory requirements.[17]

Under current law, the Bar does not have express statutory authority to register, supervise, or otherwise regulate legal document assistants (except with respect to legal document assistants who engage in the unauthorized practice of law). This opinion request questions whether the Legislature has the power to enact legislation granting the

---

[11] See The State Bar of California, Our Mission: What We Do, https://www.calbar.ca.gov/About-Us/Our-Mission (as of May 22, 2023); Cal. Const., art. VI, § 9; Bus. & Prof. Code, § 6001.

[12] *Saleeby v. State Bar* (1985) 39 Cal.3d 547, 557, internal quotation marks omitted.

[13] See Bus. & Prof. Code, §§ 6160-6172; Cal. Rules of Court, rules 9.40-9.49.1; Rules of State Bar, rules 3.1-3.10, 3.150-3.161, 3.350-3.411.

[14] The Bar's Chief Trial Counsel "may initiate and conduct investigations" of unlicensed attorneys practicing law in the State. (Bus. & Prof. Code, §§ 6044, subd. (b), 6125.) The Bar may also move the superior court to assume jurisdiction over unauthorized law practices. (Bus. & Prof. Code, § 6126.3, subd. (b).)

[15] See Bus. & Prof. Code, §§ 6155-6156.

[16] See Bus. & Prof. Code, § 6155, subds. (a), (b).

[17] See Bus. & Prof. Code, § 6155, subd. (f). The Bar has promulgated regulations in these areas, which have been approved by the California Supreme Court. (See Rules of State Bar, rules 3.800-3.829.)

3

Bar such authority. For its part, the State Bar has submitted a comment letter explaining its position that the Legislature does possess that power.[18]

## ANALYSIS

To determine whether the Legislature may validly authorize the Bar to regulate legal document assistants, we begin by considering the scope of legislative power in California. "Unlike the federal Constitution, which is a grant of power to Congress, the California Constitution is a limitation or restriction on the powers of the Legislature."[19] As a result, "the California Legislature possesses *plenary* legislative authority except as specifically limited by the California Constitution."[20] In other words, "'we do not look to the Constitution to determine whether the Legislature is authorized to do an act, but only to see if it is prohibited.'"[21] Unless the state Constitution "positively and certainly" limits legislative power in this area, the Legislature may validly vest the Bar with authority to regulate legal document assistants.[22]

In examining whether any such limitation exists, we first consider the constitutional provision most specifically on point. Although the Bar was first created by statute in 1927, the voters amended the judicial article of the California Constitution in 1960 to "declare the State Bar a constitutional body."[23] Article VI, section 9, provides that: "The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this State is and shall be a member of the State Bar except while holding office as a judge of a court of record."

We see nothing in the text of article VI, section 9 that would prevent the Legislature from granting the Bar authority to regulate legal document assistants.

---

[18] See The State Bar of California, letter to Deputy Attorney General Karim J. Kentfield, Jan. 10, 2023 (State Bar Comment).

[19] *Methodist Hosp. of Sacramento v. Saylor* (1971) 5 Cal.3d 685, 691.

[20] *Marine Forests Soc'y v. California Coastal Com.* (2005) 36 Cal.4th 1, 31, original italics; see, e.g., 76 Ops.Cal.Atty.Gen. 145, 147 (1993) (given its plenary authority, the Legislature has the power to create "a regional public agency comprised of appointed commissioners with the duty to make land use decisions").

[21] *Methodist Hosp. of Sacramento v. Saylor*, *supra*, 5 Cal.3d at p. 691.

[22] *Howard Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 520; see *id.* at p. 521 ("[A]ll intendments favor the exercise of the Legislature's plenary authority: If there is any doubt as to the Legislature's power to act in any given case, the doubt should be resolved in favor of the Legislature's action"), internal quotation marks omitted.

[23] *In re Att'y Discipline Sys*. (1998) 19 Cal.4th 582, 590, 598.

Although section 9 requires licensed attorneys to be members of the Bar, it does not state that regulating licensed attorneys is the Bar's *sole* function. Nor would such a restrictive reading be consistent with the Bar's longstanding authority: as described above, the Bar already regulates other entities that do not practice law—specifically, entities providing lawyer-referral services.[24]

The enactment history of article VI, section 9 likewise reveals no intention to limit the Bar's jurisdiction. The provision was added as part of a broader constitutional revision that authorized the Bar to appoint members to two entities: the Judicial Council and the Commission on Judicial Qualifications.[25] Both entities were "created by the State Constitution."[26] Given the Bar's new role in appointing members to these constitutional bodies, the ballot materials for section 9 stated that it was "advisable" to "giv[e] the State Bar, which is now a statutory entity, the status of a constitutional body too."[27] But nothing in the ballot materials suggested that elevating the Bar to constitutional status was intended to limit the Bar's jurisdiction or prevent the Legislature from vesting it with additional regulatory authority. To the contrary, the ballot materials emphasized that the Legislature would "continue to have power to regulate the administration of the State Bar by statute as it now does."[28]

---

[24] Cf. *Davis v. City of Berkeley* (1990) 51 Cal.3d 227, 239 ("practices uniformly followed by public entities over many years" entitled to deference in constitutional analysis).

[25] *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at p. 598. The Judicial Council "is the policymaking body of the California courts." (California Courts, Judicial Council, https://www.courts.ca.gov/policyadmin-jc.htm (as of May 22, 2023); see Cal. Const., art. VI, § 6.) The Commission on Judicial Qualifications, now called the Commission on Judicial Performance, "is the independent state agency responsible for investigating complaints of judicial misconduct and judicial incapacity and for disciplining judges." (State of California Commission On Judicial Performance, https://cjp.ca.gov (as of May 22, 2023); see Cal. Const., art. VI, § 8.)

[26] *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at p. 598.

[27] *Ibid.* (considering ballot materials in construing article VI, section 9).

[28] *Ibid.* We similarly find a subsequent constitutional amendment to be of no relevance here. As originally enacted in 1960, article VI, section 9 began: "The State Bar of California is a public corporation *with perpetual existence and succession*." (Cal. Const., art. VI, § 9 (1960), italics added.) In 1966, the voters excised the italicized words, which were believed to be unnecessary because "all constitutional bodies exist until the Constitution is amended." (Cal. Const. Revision Com., Proposed Revision (1966) p. 89; see *Mosk v. Superior Ct.* (1979) 25 Cal.3d 474, 481 ["The 1966 revision was part of an overall policy of the Constitution Revision Commission to eliminate unnecessary language and to state the substance of existing sections more concisely and in modern

Looking beyond article VI, section 9, we have not identified any other constitutional provision or principle that would prevent the Legislature from vesting the State Bar with regulatory oversight of legal document assistants. We first consider constitutional limitations on the Legislature's ability to delegate power to an agency.[29] "An unconstitutional delegation of authority occurs only when a legislative body (1) leaves the resolution of fundamental policy issues to others or (2) fails to provide adequate direction for the implementation of that policy."[30] The "purpose of the doctrine . . . is to assure that truly fundamental issues [will] be resolved by the Legislature and that a grant of authority" is "accompanied by safeguards adequate to prevent its abuse."[31]

We see no reason why the legislation posited by this request would necessarily exceed the limitations on the Legislature's power to delegate. As described above, existing statutes that govern legal document assistants detail a number of regulatory requirements, then delegate further implementation authority to the Department of Consumer Affairs. If the Legislature chose to move oversight authority to the State Bar, it could similarly resolve fundamental issues—such as eligibility requirements for legal document assistants—in the statute itself, then authorize the Bar to implement those requirements. Indeed, that is the very approach the Legislature has taken for lawyer-referral services.[32]

We also see no reason why vesting the State Bar with authority to regulate legal document assistants would violate the constitutional principle of separation of powers. The California Constitution provides that the "powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."[33] The "primary purpose" of the separation-of-powers doctrine "is to prevent the combination" of the "fundamental powers of government" "in the hands of a single person or group."[34]

---

terms"].)

[29] See State Bar Comment, at p. 4 (arguing that the non-delegation doctrine would not prevent the Legislature from delegating regulatory authority to the Bar here).

[30] *Kasler v. Lockyer* (2000) 23 Cal.4th 472, 491-492; see also *Carson Mobilehome Park Owners' Assn. v. City of Carson* (1983) 35 Cal.3d 184, 190; 76 Ops.Cal.Atty.Gen, *supra*, at pp. 151-152.

[31] *Kugler v. Yocum* (1968) 69 Cal.2d 371, 376, internal quotation marks omitted.

[32] See Bus. & Prof. Code, § 6155, subd. (f); Rules of State Bar, rules 3.800-3.829.

[33] Cal. Const., art. III, § 3.

[34] *Davis v. Mun. Ct.* (1988) 46 Cal.3d 64, 76; see 86 Ops.Cal.Atty.Gen. 146, 148 (2003).

22-602

California courts have not interpreted the separation-of-powers doctrine to require "the rigid classification of all the incidental activities of government, with the result that once a technique or method of procedure is associated with a particular branch of the government, it can never be used thereafter by another."[35] Rather, although "the powers of the three branches are to be kept largely separate," the Constitution "also comprehends the existence of common boundaries between the legislative, judicial, and executive zones of power."[36] So, for example, "both executive and judicial officials routinely exercise quasi-legislative authority in . . . promulgating general rules for the governing of affairs within their respective spheres."[37] And executive agencies may "exercise . . . quasi-judicial" power in performing adjudicative functions.[38]

The California Supreme Court has previously addressed claims that the Legislature violated the separation of powers by regulating the State Bar and the practice of law. In those cases, the Court has held that the Legislature may not encroach on the judiciary's "inherent authority over the practice of law," including attorney admission and discipline, but it may "impose reasonable regulations" on legal practice.[39] Applying these principles, the Court has upheld statutes that regulated the Bar's role in admitting and disciplining attorneys by concluding that, in those areas, the Bar serves as "an administrative assistant to" the Court—empowered only to make recommendations

---

[35] *Davis v. Mun. Ct.*, *supra*, 46 Cal.3d at p. 76, italics omitted; see also *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at p. 602 (separation-of-powers jurisprudence is "pragmatic" and "does not command a hermetic sealing off of the three branches of Government from one another"), internal quotation marks omitted.

[36] *Hustedt v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 338.

[37] *Davis v. Mun. Ct.*, *supra*, 46 Cal.3d at p. 76.

[38] *McHugh v. Santa Monica Rent Control Bd.* (1989) 49 Cal.3d 348, 361, internal quotation marks omitted; see also *Davis v. Mun. Ct.*, *supra*, 46 Cal.3d at p. 76 ("'From the beginning, each branch has exercised all three kinds of powers'").

[39] *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at pp. 598-599, 602; see *id.* at p. 602 ("'In the field of attorney-client conduct, . . . the judiciary and the Legislature are in some sense partners in regulation'"); *Brydonjack v. State Bar of Cal.* (1929) 208 Cal. 439, 443.

subject to final judicial approval.[40]  In contrast, the Court has invalidated legislation that stripped the courts of final authority over attorney admission or discipline decisions.[41]

In our view, the separation-of-powers concern identified in these authorities—legislative intrusion into core functions of the judiciary—is not implicated here. Although legal document assistants provide services to individuals representing themselves in legal matters, they do not themselves practice law.[42]  Unlike attorneys, they are not "officer[s] of the court" subject to a centuries-long tradition of judicial supervision.[43]  We are aware of no authority suggesting that regulation of legal document assistants would encroach on any inherent power of the article VI courts.[44]

---

[40] *Saleeby v. State Bar*, *supra*, 39 Cal.3d at p. 557; see, e.g., *In re Rose* (2000) 22 Cal.4th 430, 441-442 (Legislature did not violate separation of powers by authorizing State Bar Court to conduct attorney disciplinary proceedings and issue recommendations because the Supreme Court retained ultimate decision-making authority); see also *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at p. 602 (Legislature may promulgate qualification standards for the Bar to apply in attorney admissions only if the Supreme Court retains ultimate authority to augment or override those standards).

[41] See, e.g., *Hustedt v. Workers' Comp. Appeals Bd.*, *supra*, 30 Cal.3d at pp. 339-340 (Legislature violated separation of powers by authorizing the Workers' Compensation Appeals Board to discipline attorneys practicing before the Board with only a limited avenue for judicial review); *In re Lavine* (1935) 2 Cal.2d 324, 329 (Legislature violated separation of powers by requiring readmission of attorneys who were pardoned after disbarment for felony convictions).

[42] See Bus. & Prof. Code, § 6411, subd. (e).

[43] *In re Att'y Discipline Sys.*, *supra*, 19 Cal.4th at pp. 592-593; *see id.* at p. 593 ("'The important difference between regulation of the legal profession and regulation of other professions is this:  Admission to the bar is a judicial function, and members of the bar are officers of the court . . . . Hence, . . . the court has inherent and primary regulatory power'"), italics omitted.

[44] For attorney-referral services, the Legislature has required that any regulations issued by the Bar be approved by the Supreme Court.  (See Bus. & Prof. Code, § 6155, subd. (f) [directing the Bar to "formulate and enforce rules and regulations" concerning attorney-referral services, but only "[w]ith the approval of the Supreme Court"].)  The State Bar suggests that the Legislature could similarly require Supreme Court approval of Bar regulations concerning legal document assistants.  (See State Bar Comment, at p. 4.)  Although we are not aware of any authority requiring this approach, providing for Supreme Court review would further minimize any separation-of-powers concerns.

Nor are legal document assistants so far *removed* from the practice of law and the judicial system that it would be improper for the Legislature to require the Bar—located within the judicial branch—to regulate them.[45] The California Supreme Court has considered analogous concerns in other contexts. For example, the Court has held that legislation requiring judges to draft titles for initiative measures was unconstitutional because it "purport[ed] to confer nonjudicial duties on . . . appellate justices."[46] By contrast, in *Kasler v. Lockyer*, the Court rejected a separation-of-powers challenge to legislation requiring superior court judges to determine, outside of ordinary litigation, whether a specified firearm should be classified as an assault weapon.[47] The Court explained that the Legislature "may delegate to the Judicial Branch nonadjudicatory functions that do not trench upon the prerogatives of another Branch and that are appropriate to the central mission of the Judiciary."[48]

The reasoning of *Kasler* is instructive here. We do not see why the Bar's regulation of legal document assistants would "trench upon the prerogatives of another Branch" of California Government—assuming, as discussed above, that the Legislature resolves the "fundamental" issues of regulatory policy and provides the Bar "adequate direction for the implementation of that policy."[49] Regulating legal document assistants

---

[45] See *In re Rose*, *supra*, 22 Cal.4th at p. 438 (the State Bar is "placed within the judicial article of the California Constitution" and is "expressly acknowledged as an integral part of the judicial function").

[46] *Epperson v. Jordan* (1938) 12 Cal.2d 61, 64; see also *Abbott v. McNutt* (1933) 218 Cal. 225 (invalidating county charter provision requiring local superior court judges to serve on a "qualification board" that recruited and nominated candidates for a county executive position). In both *Epperson* and *Abbott*, the Court rested its decision on article VI, former section 18 (now section 17), which prohibits California judges from holding any other public office or employment during their judicial tenure. (See *Kasler v. Lockyer*, *supra*, 23 Cal.4th at pp. 495-496 [describing the separation-of-powers concerns underlying article VI, section 17].)

[47] *Kasler v. Lockyer*, *supra*, 23 Cal.4th at pp. 491-498. The statute authorized the Attorney General to file a petition with the superior court requesting a declaration that a specific firearm was an assault weapon due to its similarity to other firearms.

[48] *Id.* at p. 493, quoting *Mistretta v. United States* (1989) 488 U.S. 361, 388. In *Mistretta*, the United States Supreme Court rejected a separation-of-powers challenge to the involvement of federal judges in the promulgation of the federal sentencing guidelines by the U.S. Sentencing Commission, an agency within the judicial branch of the federal government.

[49] *Kasler v. Lockyer*, *supra*, 23 Cal.4th at pp. 491-493.

22-602

could also be "appropriate to the central mission of the Judiciary."[50]  Although legal document assistants may not practice law, they perform some of the same activities as attorneys, such as completing legal documents and filing them in court.[51]  And oversight of legal document assistants may involve regulating the boundary between their permissible activities and the impermissible practice of law—a boundary that the Legislature has already granted the Bar a role in supervising.[52]

Finally, the comment letter submitted by the Bar suggests that there may be a narrow separation-of-powers concern related to the decision to grant or deny registration to legal document assistants, but it notes that any such concern could be addressed by providing for judicial review of registration decisions.[53]  In support, the Bar points to the California Supreme Court's decision in *McHugh v. Santa Monica Rent Control Board*.[54]  There, the Court noted that the State's decision to grant or revoke a professional license can sometimes qualify as "judicial" or "quasi-judicial" in nature.[55]  An agency may nevertheless make individual licensing decisions without exercising judicial power, the Court explained, "so long as appropriate judicial review [is] available."[56]  To the extent the Bar's registration decisions under the statute contemplated here would implicate this line of authority, we agree with the Bar that the Legislature could avoid any separation-of-powers concern by providing an appropriate avenue for judicial review.[57]

For these reasons, we conclude that the Legislature may validly provide statutory authorization for the Bar to regulate legal document assistants.

---

[50] *Id.* at p. 493.

[51] See Bus. & Prof. Code, § 6400, subd. (d)(1), (4).

[52] See Bus. & Prof. Code, §§ 6044, subd. (b), 6125, 6126.3, subd. (b); see also *Baron v. City of Los Angeles* (1970) 2 Cal.3d 535, 543 ("ascertaining whether a particular activity" constitutes the practice of law "may be a formidable endeavor").

[53] See State Bar Comment, at p. 4.

[54] *McHugh v. Santa Monica Rent Control Bd.*, *supra*, 49 Cal.3d at p. 361.

[55] *Ibid.*, internal quotation marks omitted.

[56] *Ibid.*; see, e.g., *Laisne v. State Bd. of Optometry* (1942) 19 Cal.2d 831, 840; *Drummey v. State Bd. of Funeral Directors & Embalmers* (1939) 13 Cal.2d 75, 84-85.

[57] Of course, any separation-of-powers concern under *McHugh* is not specific to the Bar, but would apply equally to any agency tasked with adjudicating legal document assistant registration applications.